THE STATE, THE TRENTON SAVING FUND SOCIETY, PROSE-
CUTOR, v. ERVIN V. RICHARDS, RECEIVER OF TAXES IN
THE CITY OF TRENTON.

1. The tax provided for by the supplement to "An act concerning savings banks," approved April 27th, 1888 (*Pamph. L.*, *p.* 545), is not a tax on property, and therefore not within the operation of article IV., section 7, paragraph 12 of the constitution, requiring property to be assessed for taxes under general laws, and by uniform rules, according to its true value.

2. The exemption from taxation, which that supplement purports to secure, for all the property of savings banks, except real estate purchased under foreclosure, is not the exemption of an entire class of property, and is therefore contrary to the constitutional paragraph above mentioned, and is void.

On *certiorari*.

Argued at June Term, 1889, before Justices KNAPP and DIXON.

For the prosecutor, *F. C. Lowthorp, Jr.*

For the defendant, *W. M. Lanning.*

The opinion of the court was delivered by

DIXON, J.    This *certiorari* brings up the assessment of taxes against The Trenton Saving Fund Society for the year 1888 in the city of Trenton.

The prosecutor insists that it should have been taxed only under the supplement to "An act concerning savings banks," approved April 27th, 1888 (*Pamph. L., p.* 545), by which it was enacted "that all savings banks shall, in lieu of all other taxes, pay an annual tax on the amount of their deposits of one-half of one per centum, after deducting therefrom available funds on hand or on deposit to meet current payments or expenses, and the amount invested in any securities issued by this state or by any county, town, township or city in this state, or which by the statutes of this state or of the United States are exempt from taxation, and the cost of the real estate purchased under foreclosure, which real estate shall be subject to the same tax as other like property."    Under this statute the prosecutor claims it would be chargeable with only one-half of one per centum on $48,725.91, while the tax actually levied was at the general city rate of one and sixty-five hundredths per centum on $16,170 of realty and $116,322 of personalty.

The city contends that the statute above set forth is unconstitutional.

The case was presented by counsel on both sides upon the assumption that the tax provided for by this statute was a property tax, and therefore the question discussed was, whether the tax was in accordance with article IV., section 7, paragraph 12 of the constitution, which requires that " property shall be assessed for taxes under general laws, and by uniform

rules, according to its true value." But this assumption is unwarranted. The tax is not levied upon property at all, nor on anything which has any certain relation to property. It is to be gauged by the amount of the bank's deposits, after deducting certain items of the bank's property, and the amount of its deposits indicates the bank's debts, not its possessions. If a bank were penniless and in debt to depositors, its tax might be greater than if it owned millions. Such a tax was evidently not intended to be a tax on property. If it should be deemed such, it would certainly be unconstitutional, for the reason (not to mention other grounds of objection) that it is not to be assessed according to the true value of the property on account of which it is levied.

The tax is, in our judgment, to be regarded as a personal tax, chargeable upon this class of artificial persons either because of the franchises which they enjoy or because of the business which they do. It bears some relation both to the value of their franchises and to the volume of their business, as indicated by the amount of deposits entrusted to them. Taxes of this nature do not come within the range of the constitutional paragraph above cited, and therefore, looking merely at the tax which this statute imposes, we see no reason for doubting its validity.

But the statute declares that this tax is to be paid *in lieu of all other taxes*, and, consequently, if the enactment is sustained, it will exempt from taxation all the property of these institutions, except so far as it expressly permits such property to be taxed. The validity of this exemption is the real point at issue in the cause, and, instead of that turning on the validity of the tax imposed by the act of 1888, it depends upon the direct effect of the constitution upon the exemption itself. This matter must therefore be considered.

It has been decided that the constitutional clause above cited permits property to be classified for the purposes of taxation, but requires that all the members of the class selected shall be included in the taxing law, and that the rules applied thereto shall be uniform as to the whole of the class. . *State*

*Board of Assessors* v. *Central R. R. Co.*, 19 *Vroom* 146.   It
necessarily follows, from this, that property which is left out-
side of the taxing laws, or which is expressly exempted by
them from taxation, must consist of entire classes of property,
and that no member of a class can be so exempted unless the
whole class is exempt.   To quote the language of Mr. Justice
Reed, in the case just named, "Property must be taxed by
general laws, namely, laws each of which includes all property
included within its class; so, conversely, property must of
necessity be exempted by a class or classes.   The line which
separates taxed from exempt property must be a line which
divides classes."

Let us then see what property this statute purports to
exempt.

Under the laws of this state, the property of savings banks
may consist of (1) United States obligations; (2) bonds of New
Jersey; (3) bonds of other states; (4) obligations of any city,
town, county or village in this state; (5) bonds of cities or
counties in other states; (6) bonds secured by mortgages on
real estate in New Jersey; (7) a banking building, part of
which may be let to others for revenue; (8) real estate, pur-
chased either on foreclosure of the bank's mortgages or on
judgments or decrees rendered for debts due to the bank, or
in settlements effected to secure such debts (*Rev. Sup.*, p. 916,
¶¶ 19, 20); (9) an available fund, not exceeding ten per
centum of the deposits, kept to meet current payments and
expenses (*Rev. Sup.*, p. 912, ¶ 2); (10) certain railroad bonds
(*Pamph. L.* 1888, p. 99), and, of course, (11) such receipts as
the managers may have been unable to invest, and such per-
sonal property as may be required for the transaction of
business.

If the whole of this property were exempted by the statute
of 1888, then would be presented the question, Whether its
ownership by savings banks, and its consequent devotion to
such uses as these institutions are organized to subserve, would
form a rational basis for deeming this mass of property a dis-
tinct class for purposes of taxation or exemption.   But the

statute does not exempt the entire mass; it remits to ordinary taxation real estate purchased under foreclosure, and hence the question is narrowed down to this, Whether the mass, with this exception, constitutes such a class.

I can find no reason for an affirmative answer to this question. No substantial ground appears for discrimination between the real estate purchased under foreclosure and the real estate purchased under judgment or in settlement of debt. A class formed upon any reasonable principle to embrace the latter must include the former also, and therefore an attempted exemption of the one without the other infringes the rule which permits the taxation and exemption of property by classes only. If a law excludes from its operation a single member of a class which it otherwise would affect, it will be invalid. *Bray* v. *Hudson,* 21 *Vroom* 82; *Sisters of St. Elizabeth* v. *Chatham,* 22 *Id.* 89.

This exemption must therefore be adjudged unconstitutional.

The taxes actually levied were assessed upon an erroneous theory. They should, but do not, wholly rest upon the value of the taxable property of the bank. The tax on the banking house, at $16,170, and that on the cash, at $67,597, are right; but the tax on the balance of deposits, $48,725.91, is wrong. This sum may not, however, exceed the value of the other taxable property of the corporation, for it appears to have $131,000 worth of Trenton city water bonds, and may have other taxable assets not disclosed in the record. If the whole tax levied is in excess of what it should be, under the views above expressed, application may be made during the term for the proper reduction, otherwise the tax will be affirmed, with costs.