THE STATE, THE NEWARK AND SOUTH ORANGE HORSE CAR RAILROAD COMPANY, PROSECUTOR, v. A. JUDSON CLARK, RECEIVER OF TAXES.

1. The amended constitution of 1875 abrogates all prior, special or local laws exempting property from taxation, unless they constitute irrepealable contracts.
2. The provision in the charter of the relator does not constitute an irrepealable contract.

On *certiorari.*

Argued at June Term, 1890, before Justices DEPUE, VAN SYCKEL and SCUDDER.

For the prosecutor, *John W. Taylor.*

For the defendant, *Joseph Coult.*

The opinion of the court was delivered by

VAN SYCKEL, J.    The Newark and South Orange Horse Car Railroad Company was incorporated by an act passed in 1865 (*Pamph. L., p.* 926), section 15 of which act provides as follows: " That as soon as the said railroad is finished, the president of the said company shall file, under oath or affirmation, a statement of the amount of the cost of said railroad, including all expenses, in the office of the secretary of state, and annually thereafter he shall, under oath or affirmation,

make a statement to the legislature of this state of the proceeds and expenses of the road; immediately thereafter the said company shall pay to the treasurer of this state a tax of one-half of one per centum on the cost of the said road, to be paid annually on the first Monday in January ; *provided,* that no other tax or impost shall be levied or raised from the said corporation by virtue of any law of this state."

Under this charter the relator claims to be exempt from assessment for taxation under the general tax laws of the state.

In *The Sisters of St. Elizabeth* v. *Chatham,* reported in 22 *Vroom* 89, Mr. Justice Dixon says : "That by force of the constitution as amended in 1875, requiring that property shall be assessed for taxation under general laws and by uniform rules, according to its true value, all prior, special or local laws exempting property from taxation were abrogated, unless they constituted irrepealable contracts, and that all such subsequent laws are annulled."

The judgment of the Supreme Court in this case was reversed upon another ground, but the Chief Justice, in delivering the opinion of the Court of Errors and Appeals, said that the proposition thus announced by Justice Dixon is wholly indisputable.

This settles the claim of immunity against the relator.

The provision in the charter before cited does not constitute an irrepealable contract. *Little* v. *Bowers,* 17 *Vroom* 300 ; *S. C. in error,* 19 *Id.* 370.

The assessment should be affirmed.