## HANOVER TOWNSHIP v. CAMP MEETING ASSOCIATION OF THE NEWARK CONFERENCE.

Argued November 6, 1907—Decided February 24, 1908.

1. The Tax act of 1903 repealed all exemptions of property from taxation except those allowed by the act itself, so far as the legislature had the power of repeal.
2. The provision in the charter of the Camp Meeting Association of the Newark Conference (*Pamph. L.* 1869, *p.* 484) was a mere gratuity and did not constitute an irrepealable contract, and is subject to legislative repeal.

On *certiorari.*

Before Justices Swayze and Trenchard.

For the prosecutor, *C. Franklin Wilson.*

For the defendant, *Willard W. Cutler* (*Pierre F. Cook* on the brief).

The opinion of the court was delivered by

Swayze, J. The state board of equalization of taxes canceled an assessment of taxes against the present defendant. The taxes had been imposed upon its property, exclusive of a building used for religious worship and five acres of land immediately surrounding, upon which it stands.

It is agreed that none of the buildings of defendant assessed for taxation were actually and exclusively used for religious worship. The question presented is whether the defendant is to be taxed under the General Tax act of 1903 (*Pamph. L., p.* 394), or under some other statute. The defendant claims exemption under its special charter (*Pamph. L.* 1869, *p.* 484), and under an act relating to camp meeting associations. *Pamph. L.* 1894, *p.* 140, § 7; *Gen. Stat., p.* 347, *pl.* 44.

The act of 1903 provides that all property within the juris-
diction of this state not expressly exempted by this act, or
excluded from its operation, shall be subject to annual taxa-
tion at its true value under this act.   All acts, general and
special, inconsistent with its provisions are repealed.

The obvious effect of these provisions was to repeal all ex-
emptions except those allowed by the act of 1903, as far as
the legislature had the power so to do.   The only suggestion
of limitation upon the legislative power is that the defendant
by its charter had an irrepealable contract with the state
exempting it from taxation on all its personal property and
its real estate, not to exceed in annual value $3,000.

It is settled that the legislature may enter into an irrepeal-
able contract as to taxation with a private corporation, which
is not subject to alteration by a subsequent legislature by
virtue of the right reserved in the act of 1846 (*Pamph. L., p.*
16), which is now section 4 of the Corporation act.   *Pamph.
L.* 1896, *p.* 277; *New Jersey* v. *Yard,* 95 *U. S.* 104; *State
Board of Assessors* v. *Paterson and Ramapo Railroad Co.,* 21
*Vroom* 446.

The question which arises is whether in any particular case
the exemption, total or partial, is a mere gratuity or whether
the elements of a binding contract are present.   If the ex-
emption is a mere gratuity it is subject to repeal.

In the case of *Mount Pleasant Cemetery Co.* v. *Newark,* 23
*Vroom* 539, the court held that there was a contract arising
out of the acceptance of the charter by the corporators, the
incurring by them of the expenditures incident to the enter-
prise, and the expectation by the legislature of benefit result-
ing therefrom.   The charter in that case antedated the act
of 1846.

In other cases it has been held that there was no contract.
*Little* v. *Bowers,* 17 *Vroom* 300; *affirmed,* 19 *Id.* 370.   The
case was subsequently taken to the United States Supreme
Court, but the writ of error was dismissed on another ground.
134 *U. S.* 547; *State Board of Assessors* v. *Paterson and
Ramapo Railroad Co., supra; Newark and South Orange
Horse Car Railroad Co.* v. *Clark,* 24 *Vroom* 332; *affirmed,*

25 *Id.* 213; *Flower Hill Cemetery Co.* v. *North Bergen,* 39 *Id.* 488; *affirmed,* 41 *Id.* 338.

In *Cooper Hospital* v. *Camden,* 39 *Vroom* 691, the Court of Errors and Appeals said that in order to sustain the claim that a contract had arisen, it would require something more than the mere assumption and exercise of the corporate powers. In New Jersey *v.* Yard the consideration was a compromise of a vexed question between the state and the railroad company. In both the Singer Manufacturing Company cases (29 *Id.* 633; 33 *Id.* 289) the consideration was the removal of a part of the plant to New Jersey and the investment of a large sum of money here. Each case depends on its own facts. In every case there is present the element of an agreement evinced by the acceptance of the charter, and the question necessarily is whether there is such a consideration as will make the agreement a binding contract. We fail to find a consideration in the present charter. The whole language speaks of privileges conferred upon the incorporators. No obligation is imposed upon them, nor is there anything to indicate that the legislature expected the state to benefit by the incorporation. To use the language of the Court of Errors and Appeals, in the Paterson and Ramapo Railroad Co. case, there was no service, duty, expenditure or other remunerative condition imposed upon the corporation, either directly or as a consequence of the exercise of privileges and franchises conferred by the same legislature. The case does not differ in this respect from the Flower Hill Cemetery Company case.

The judgment of the state board of equalization is reversed, and the tax is affirmed, with costs.