THE ESSEX COUNTY PARK COMMISSION, PROSECUTOR.
PLAINTIFF IN ERROR, v. THE TOWN OF WEST
ORANGE AND THE BOARD OF EQUALIZATION OF
TAXES OF NEW JERSEY, DEFENDANTS, DEFENDANTS
IN ERROR.

Argued November 24, 1908—Decided June 14, 1909.

1. The supplement to the General Tax act of 1903, approved April
20th, 1906 (*Pamph. L., p.* 273), deals with taxation and in terms
imposes taxes upon certain public lands and must be considered
as imposing a tax.
2. The supplement to the Tax act (*Pamph. L.* 1906, *p.* 273) at-
tempts to classify lands of counties and taxing districts for the
purpose of taxation by reference to the location of such lands—
*Held*, that such classification is in contravention of the constitu-
tion.
3. The supplement to the Tax act (*Pamph. L.* 1906, *p.* 273), in at-
tempting to classify the lands of counties and taxing districts
devoted to public use has not included in the class thereby created
all the members of such class, hence is not a general law and is
unconstitutional.

On error to the Supreme Court.

For the prosecutor, *Alonzo Church.*

For the defendants, *Simeon H. Rollinson.*

The opinion of the court was delivered by

VOORHEES, J.   The writ of error in this case runs to the
Supreme Court, and is prosecuted to test the constitutionality
of a supplement to the General Tax act of 1903, approved
April 20th, 1906 (*Pamph. L., p.* 273), which enacts:

"All lands the property of any county, and all lands the
property of any taxing district, which are situated within the
limits of any other taxing district, shall be subject to taxa-
tion by the taxing district within which such lands are sit-
uated at the true value of such lands without regard to any
buildings or other improvements on such lands, notwithstand-

ing any exemption provided for in the act to which this is a supplement."

The Supreme Court in its opinion reported in 46 *Vroom* 376, upholding the act, has set out in detail the facts of the case and history of the litigation, so as to render it unnecessary to recount them here.

This court is unwilling to sustain the act upon the idea intimated in that opinion that a tax, strictly speaking, may not be involved, but that, in substance, this law provides a method of enforced contribution exacted by the state from one public agency toward the support of another public agency, requiring public moneys to be taken from one public agent and paid to another. It may well be doubted whether the legislature has such power.

The enactment, which is a supplement to the Tax act, deals with taxation and in terms imposes taxes upon certain public lands. The law, therefore, regards it as a tax and it must be so dealt with.

The original act of 1903 provides that "the property * * * of the State of New Jersey and of the respective counties, school districts and taxing districts, when used for public purposes," shall be exempt from taxation. *Pamph. L.* 1903, *p.* 394, § 3.

Such an exemption is justified, having regard to the use to which the property is put, and is not violative of article 4, section 7, paragraph 12 of the constitution, which directs that "property shall be assessed under general laws by uniform rules," for property may be classified in respect to its use, and a law based upon such classification will be general. *State Board* v. *Central Railroad Co.,* 19 *Vroom* 146; *Tippett* v. *McGrath, Collector,* 41 *Id.* 110; *affirmed,* 42 *Id.* 338. But this supplement does not provide that all the lands of these public agencies shall be taxed and thus become removed from the exemption contained in the original act. It makes the lands of counties taxable, and all lands the property of any taxing district *which are situated within the limits of any other taxing district.*

The supplement in question is aimed to contract the ex

emptions in the general act, by bringing back into the taxable class certain property formerly exempt. Whether we deem it as forming a sub-class, or to be read with the original act as a single enactment, its effect is to subject certain property owned by municipal corporations when used for public purposes to taxation, while other property subjected to a like use and ownership is exempted. The only distinction between these two classes is location of the property and ownership. The latter is applied to county property, the former to the property of certain other public agencies. That the legislature should select the property of counties for taxation and exempt a part of the property of other municipal corporations identical in its uses with that of counties, is arbitrary classification.

That property of a class may be exempted from taxation is not to be denied, provided always that the classification is a proper one, but it is well settled that all members of a class shall be included in the taxing act whether for purpose of imposition of or exemption from taxation. *State Board* v. *Central Railroad Co., supra.*

In *Trenton Saving Fund* v. *Richards, 23 Vroom* 156, Mr. Justice Dixon, writing for the Supreme Court, says:

"But the statute does not exempt the entire mass; it remits to ordinary taxation real estate purchased under foreclosure, and hence the question is narrowed down to this: Whether the mass, with this exception, constitutes such a class.

"I can find no reason for an affirmative answer to this question. No substantial ground appears for discrimination between the real estate purchased under foreclosure and the real estate purchased under judgment or in settlement of debt. A class formed upon any reasonable principle to embrace the latter must include the former also, and therefore an attempted exemption of the one without the other infringes the rule which permits the taxation and exemption of property by classes only. If a law excludes from its operation a single member of a class which it otherwise would affect, it will be invalid. *Bray* v. *Hudson,* 21 *Vroom* 82; *Sisters of St. Elizabeth* v. *Chatham,* 22 *Id.* 89."

The constitutional provision would be nugatory if this were not so, for a general tax act could, by exemptions of special property thereafter provided for from time to time by supplementary legislation, be narrowed until it also became special.

The question therefore arises whether a proper classification has been created by the supplement under review, and, if so, whether into such class have been gathered all its members. By it all county property shall be taxed. A county is not a taxing district, neither is a school district, yet the act omits from the lands to be taxed those owned by a public agency if it is not at the same time either a county or taxing district. Thus school houses belonging to a school district are exempt under the general law. But they are not relegated to the taxable class by the supplement, yet they are property owned by a public agency, used for public purposes, and do not differ in that respect from county property. Again, a portion only of the property of taxing districts is made taxable, depending upon the accident of its location.

If the property is situated within the taxing district levying the tax it escapes taxation. If its location be without such taxing district it is to be taxed. It is thus sought to form a class for taxation marked by the characteristic of location merely.

A county is not a taxing district, but it must have revenue to defray the cost of the governmental acts by law imposed upon it, as well as to meet any state tax which may be levied. This revenue is raised by taxation in the taxing districts, and by section 41 of the Tax act of 1903 it is made the duty of the collectors of taxes, in each year out of the first moneys collected, to pay to the county collector the state and county taxes required to be assessed in his taxing district, and the county collector shall pay the state taxes which he shall have so received to the state treasurer.

An illustration of the practical working of the amendatory act under review may thus be stated: The almshouse of a city is located in an adjoining township; by the act it is made taxable and the taxes assessed against it when collected go

into the treasury of the township. Thereafter a portion of these are paid over to the county and reduce *pro tanto* the general burdens of taxation for county and state purposes throughout all the taxing districts of the county and state. If, however, the city almshouse is located within the confines of such city it escapes taxation and does not contribute *pro tanto* to relieve the general burden of taxation throughout the county and state. The anomaly of this situation is not explained by saying that it would be useless to require a city to pay tax on its own property within its borders, because it would immediately, upon payment, be returned into its own treasury. While such result would follow, it would be true only as to the mere transmission of the money. A part of the money so repaid would merely pass through the hands of the city's taxing office on its way to the county treasury to be used for county and state purposes, and would in no sense become the funds of the city.

It will thus be seen that the classification of the property of the taxing districts has for its basis the location of the property. It is not differentiated by its use or by characteristics possessed by it.

To form a class with reference to the accident of the location of the property is to ignore the fact that differences in the amount of ratables in every taxing district make differences in the amounts assessed for township, county and state taxes. Whether all property similarly used and possessing the same characteristics is included in the ratables should be the test of the generality of the law. An instance of the vicious effect of the act *sub judice* may be cited:

The city of Newark would be taxable on its water works in Belleville, but it would not be taxable on its city hall and school houses and various other public appliances within the city of Newark. The result would be to add to the proportion which Belleville would have to pay of the county and state tax by including in Belleville's ratables property which was not distinguished from the city hall and the parks, fire houses and school houses in Newark except by the mere accident of location.

Classification according to the location of the property is not a classification according to any feature inherent in the property itself, but with reference entirely to chance of location, a circumstance quite as disconnected with the characteristics of the property itself as is its ownership, which was condemned as a distinguishing mark in *Tippett* v. *McGrath, Collector, supra.*

If, however, the class thus erected could be approved, yet the law is vicious, because, as already stated, all of the members of such class have not been included, and thus it lacks generality.

For these reasons the act must be held to be in contravention of the organic law, and the judgment of the Supreme Court must be reversed.

The views above expressed render it unnecessary to consider the questions presented by other errors assigned.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, GARRISON, SWAYZE, REED, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, J.J.    13.