THE BOROUGH OF MIDDLESEX, APPELLANT, v. THE INHABITANTS OF THE CITY OF PLAINFIELD, THE BOROUGH OF NORTH PLAINFIELD, AND THE BOROUGH OF DUNELLEN, AND THE STATE BOARD OF TAXES AND ASSESSMENT. RESPONDENTS.

THE INHABITANTS OF THE CITY OF PLAINFIELD, THE BOROUGH OF NORTH PLAINFIELD, AND THE BOROUGH OF DUNELLEN, RESPONDENTS, v. THE STATE BOARD OF TAXES AND ASSESSMENT AND THE BOROUGH OF MIDDLESEX, APPELLANTS.

THE INHABITANTS OF THE CITY OF PLAINFIELD, THE BOROUGH OF NORTH PLAINFIELD, AND THE BOROUGH OF DUNELLEN, RESPONDENTS, v. THE STATE BOARD OF TAXES AND ASSESSMENT AND THE BOROUGH OF MIDDLESEX, APPELLANTS.

Submitted July 8, 1918—Decided November 21, 1918.

On appeals by the borough of Middlesex from judgments rendered in the Supreme Court, in the which the following *per curiam* was filed:

"Writs of *certiorari* were allowed in each of the above-stated causes to review an order made by the state board of taxes and assessment relating to the taxes assessed for the years 1915 and 1916 against the city of Plainfield and the boroughs of North Plainfield and Dunellen. The facts are not in dispute, and sufficiently stated for the consideration of the question to be determined are: That the city of Plainfield and the boroughs of North Plainfield and Dunellen, with the sanction and approval of the state board of health, purchased a tract of land containing about ninety acres, situate within the limits of the borough of Middlesex, for the purpose of building and maintaining a sewage disposal plant which requires buildings and land for the proper treatment and disposal of sewage refuse; that the borough of Middlesex caused the entire tract to be assessed for taxes for the years 1915 and 1916; that the city of Plainfield and the boroughs of North Plainfield and Dunellen appealed to the county board of taxation of the county of Middlesex which confirmed the assessment; that the landowners then appealed to the state board of taxes and assessment which modified the assessments for each year by exempting the buildings and the land then in actual use for filtering bed, and affirmed the assessment as to the residue of the land and made its order to that effect. Neither of the parties were satisfied with this order. The borough of Middlesex claiming that the order was erroneous because no part of the assessment should have been canceled, and the assessed municipalities because, as they claim, no part of the land should be subjected to a payment of taxes. If the contention made by the assessed municipalities, that none of the land should be assessed, is correct, then the complaint of the borough of Middlesex would have no foundation, for, if no part of the land is assessable for taxes it could not hold even what the state board allowed, and the entire assessment would be swept away—therefore, we will first deal with the question whether, under the statute relating to exemptions from taxes, this land is assessable for taxes to any extent. The statute which controls is section 3 of the General act of 1903, relating to taxes (*Comp. Stat.. p. 5077*), attempts to modify or alter

it (*Pamph. L.* 1906, *p.* 273, and *Pamph. L.* 1907, *p.* 534), having proved abortive. *Essex County Park Commissioners* v. *West Orange,* 77 *N. J. L.* 575; *Secaucus* v. *Huber,* 87 *Id.* 464.

"The statute exempts the property of counties, school districts and taxing districts, when used for public purposes, and the only question argued on behalf of the borough of Middlesex, and the reason it urges in favor of the assessment, is that ·the land is not used for public purposes within the meaning of the Taxing act, and it is insisted that because the use of this property is limited to Plainfield, the boroughs of North Plainfield and Dunellen, it is not a public use. We do not think that this claim is sound. The law under which the purchase of the land was made (*Pamph. L.* 1916, *p.* 160, 167) is general in its terms, applying to all municipalities, and when it is invoked by a municipality or municipalities, it is done in furtherance of a public use. The argument of the borough of Middlesex seems to be that because the sewage plant cannot be ·used by all the people in the state, but only by a portion, it is not a public use. We think the statement of the proposition is a sufficient indication of its unsoundness.

"This is all that is urged by the borough of Middlesex, but if it be necessary to go beyond this we are of opinion that the acquisition of this tract of land was necessary and reasonable for the public use intended. The actual occupation of a portion of the land by the disposal works is not the measure of public use. It was necessary to have a considerable tract of land to provide increased facilities to dispose of the refuse matter, and, as we think, very necessary to properly provide for its isolation so as not to become a nuisance in the neighborhood. The extent and character of different cases must depend upon existing conditions.

"Mr. Johnson, a civil engineer, called on behalf of the borough of Middlesex, while not approving of the location fixed by the state board of health, said: 'It is to be stated, however, that the sprinkling filters, which of themselves are probably the greatest factor of nuisance production, are located on this map, substantially in the centre of the plot. It en-

deavors to guard against nuisances through the carrying of odors from the disposal plant to property outside of the boundary line. I don't believe that the isolation is any too great.'

"It seems to us that the municipalities were bound to purchase a tract of land of sufficient dimensions to prevent the intended use from becoming a nuisance, and that this element should be considered in determining whether the property is held for public use.

"The assessments against the prosecutors, the city of Plainfield and the boroughs of North Plainfield and Dunellen, for the years 1915 and 1916 will be set aside, with costs.

"The writ held by the borough of Middlesex will be dismissed, with costs."

For the appellant, *George W. Anderson* and *William A. Coddington.*

For the respondents, *Lindabury, Depue & Faulks* and *J. Edward Ashmead.*

PER CURIAM.

The judgments under review herein will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, MINTURN, KALISCH, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 10.

*For reversal* — WHITE, GARDNER, JJ. 2.