STATE BOARD OF TAXES AND ASSESSMENT.

IN THE MATTER OF THE APPEALS OF THE MAYOR AND ALDERMEN OF JERSEY CITY FOR THE CANCELLATION OF ASSESSMENTS LEVIED FOR THE YEAR 1922 ON PROPERTY IN THE TOWNSHIPS OF HANOVER AND MONTVILLE AND TOWN OF BOONTON, IN THE COUNTY OF MORRIS; THE TOWNSHIP OF LYNDHURST, IN THE COUNTY OF BERGEN; THE TOWNSHIPS OF CALDWELL AND CEDAR GROVE AND THE TOWN OF NUTLEY, IN THE COUNTY OF ESSEX, AND THE TOWNSHIP OF LITTLE FALLS AND THE CITY OF CLIFTON, IN THE COUNTY OF PASSAIC.

Filed March 20, 1923.

**Taxes and Assessments—Municipal Property Located Outside the Municipality Devoted to Public Use Taxable Under Act of 1918.**

For the city of Jersey City, *Frank J. Reardon.*

For the township of Hanover, *Nathaniel C. Toms.*

For the town of Boonton and the township of Montville, *Claude Garrison.*

For the township of Lyndhurst, *Luther Shafer.*

For the town of Nutley, *William P. Hurley.*

For the township of Cedar Grove and township of Caldwell, *J. Henry Harrison.*

For the township of Little Falls, *Alexander M. McLeod.*

For the city of Clifton, *William B. Gourley.*

BY MR. JESS. These appeals bring up for review assessments for taxation made by several municipalities in the counties of Morris, Essex, Bergen and Passaic upon property owned by the city of Jersey City. The property consists of lands, buildings and pipe lines used for the purpose of and in connection with Jersey City's water supply system.

The assessments are attacked on two grounds. The first is that they are levied against property which is entitled by law to immunity from taxation, and the second, that, if taxable, some of the property has been overvalued. It was agreed at the hearing that the question of exemption should first be decided, and that if the board's decision should be adverse to the city's contention, the parties would then be heard on the question of value.

The question of exemption must be determined with reference to the provisions of the General Tax act (Revision of 1918). *Pamph. L.* 1918, *p.* 847. That act provides in section 202 that "all property, real and personal, within the jurisdiction of this state, not expressly exempted by this act, or excluded from its operation, shall be subject to taxation annually under this act at its true value." All acts, general and special, inconsistent with its provisions are repealed. The Supreme Court has held that the obvious effect of similar provisions in the Tax act of 1903 was to repeal all exemptions except those allowed by that act, save only such exemptions as had been granted by irrepealable contracts with the state. *Hanover Township* v. *Camp Meeting Association of Newark Conference*, 68 *Atl. Rep.* 753. Unless, therefore, the property in question is exempted by the Tax act of 1918, or its supplements or amendments, the city's petition must be dismissed.

Section 203 of the Tax act, subdivision 2, exempts from taxation "property of the respective counties, school districts, and taxing districts, when located therein and used for public purposes." The threefold requirement set up by this provision is public ownership, public use and ownership and location in the same taxing district. The requirement as

to location was not in the Tax act of 1903, and by writing it into the Revision of 1918, the legislature manifestly intended to change the law in that respect by making the location of publicly-owned property the basis of classification.

The property here sought to be exempted is not located within the taxing district of Jersey City, and, therefore, is not within the class to which exemption is granted. That grant is limited to property situated within the taxing district levying the tax.

We are not unmindful of the fact that our Court of Errors and Appeals has held that attempts to classify lands of counties and taxing districts for the purpose of taxation by reference to the location of such lands, is in contravention of the constitution. *Essex County Park Commission* v. *Town of West Orange et al.,* 73 *Atl. Rep.* 511. The decision in that case would seem clearly to indicate the invalidity of the limitation attempted to be set up in the provisions of the Tax act by virtue of which the appellee taxing districts levied the assessments under review. This board, however, must take the law as it finds it, remitting to the proper judicial authority any question as to constitutional infirmity.

We have considered what effect, if any, chapter 276 of the laws of 1922, page 683, has upon the situation presented in these cases. That statute amends section 203 of the General Tax act, which is the section providing for the exemption of certain property. It makes no change in subdivision 2, before cited, but provides in section 2 as follows: "This act shall take effect immediately, but this act shall not be held to repeal or affect any exemption from taxation heretofore granted by any act of the legislature not expressly heretofore repealed." It was urged by the appellant that the effect of this enactment was to revive chapter 118, laws of 1910, which was a supplement to the Tax act of 1903, and which provided that the lands of counties, municipalities and public agencies of the state, used for the purpose and for the protection of public water supply, should be subject to taxation in the taxing districts where situated, without

regard to any buildings or other improvements on such lands. As all exemptions not expressly granted by the Tax act of 1918 were repealed by that act, chapter 118, laws of 1910, was impliedly repealed so far as it had the effect of exempting buildings and improvements on lands publicly owned for water supply purposes. We cannot construe the amendatory act of 1922 as evincing a legislative intent to give new: vitality to the 1910 act, especially in view, of the fact that in the same statute the legislature was careful to repeat the precise requirements for the exemption of public property set up in the tax revision of 1918.

In any event, the act of 1922, approved March 21st of that year, could have no effect upon the assessments in these cases, which were made as of October 1st of the preceding year. Exemptions from taxation must be- as of the date of assessment, namely, October 1st. *Jersey City* v. *Township of Montville,* 84 *N. J. L.* 43.

Two other statutes remain to be considered. One is chapter 289, laws of 1918, and the other chapter 27, laws of 1919. The first of these acts amended the exempting section of the 1903 Tax act. The amendment left unchanged that subdivision of the section dealing with publicly-owned property, which subdivision ·did not contain the provision that, to be exempt, such property must be located within the taxing district levying the tax. As this amendatory act was approved on March 6th and took effect immediately, it is suggested that it repealed by implication inconsistent provisions in the tax revision passed at the same session and approved March 4th, two days earlier. The answer to this argument is that the revision by its terms did not take effect until October 1st, 1918, and that at that date it took the place of the 1903 act, together with all of its amendments.

Chapter 27, laws of 1919 (*Pamph. L., p.* 57), is a further supplement to the tax revision of 1918, and provides that the property of a taxing district located outside of such district and in the same county and used for the purpose of a public water supply, shall be exempt from taxation, except

as to lands so used.  This act, it will be noticed, attempts to extend the limit of location essential to exemption from the taxing district to the entire county.  It can, however, have no application to the property involved in these appeals, as all of such property is located outside of Hudson county.

The result is that the present state of the law compels us to find that the city of Jersey City is not entitled to the exemption which it seeks, and that the assessments should be affirmed.  Unless the appellant wishes to be heard on the question of valuation which has been reserved, judgment will be entered dismissing the appeals.