STATE BOARD OF TAX APPEALS.

## BOROUGH OF GLEN RIDGE, PETITIONER, v. CITY OF EAST ORANGE, RESPONDENT.

Decided February 18, 1941.

For the petitioner, *James P. Mylod.*

For the respondent, *Walter C. Ellis.*

QUINN, President. The petitioner taxing district assessed for local taxes, for the year 1939, a parcel of vacant land owned by the city of East Orange, but put to no use by it as of the assessing date. This is an appeal from a judgment of the Essex County Board of Taxation, canceling the assessment. That ruling must be affirmed. There is in effect no statute under which the property of taxing districts is taxable.

It was held in *Trustees* v. *Trenton,* 30 *N. J. Eq.* 668, that general statutes prescribing what property should be taxable, such as *R. S.* 54:4-1, to the effect that "all property, real and personal, within the jurisdiction of this state not expressly exempted from taxation or expressly excluded from the operation of this chapter, shall be subject to taxation annually, &c.," would not be construed as applicable to the property of the state or its political subdivisions. No other statute is in existence specifically subjecting the property of taxing districts to local taxation.

Respondent contends that an inference of taxability as to property not situated within the owner taxing district and

used by it for public purposes, is to be drawn from *R. S.* 54:4-3.3, which *inter alia,* provides that the property of taxing districts, "when located therein and used for public purposes," shall be exempt from taxation. But identical predecessor statutes have been held unconstitutional in *Essex County Park Commission* v. *West Orange (Court of Errors and Appeals,* 1909), 77 *N. J. L.* 575; 73 *Atl. Rep.* 511, and *Jersey City* v. *Blum,* 101 *N. J. L.* 93; 127 *Atl. Rep.* 214, and in such circumstances, we do not hesitate to recognize the patent unconstitutionality of the present act. *Board of Education of the City of Woodbury* v. *Township of West Deptford, New Jersey Tax Reports,* 1934-1939, *p.* 598.

For the reasons stated, the assessment was without legal basis and the judgment of the Essex County Board is affirmed.