STATE BOARD OF TAX APPEALS.

ESSEX COUNTY PARK COMMISSION, PETITIONER, v. CITY OF NEWARK, TOWN OF BLOOMFIELD, BOROUGH OF CALDWELL AND VILLAGE OF SOUTH ORANGE, RESPONDENTS.

Decided June 23, 1942.

For the petitioner, *Harrison & Roche* (by *John J. McDonough*).

For City of Newark, *Raymond Schroeder* (by *Vincent J. Casale*).

For Town of Bloomfield, *Edward C. Pettit* (by *Franklin R. Shaw*).

For Borough of Caldwell, *Philip D. Elliott*.

For Village of South Orange, *Howard R. Cruse*.

QUINN, President.   Petitioner is a public agency of the County of Essex and owns seven parcels of real property, assessed for 1940 in the respondent taxing districts. All of these properties, except one, a vacant lot, are tenanted dwelling premises, taken in by petitioner by foreclosure or deed in lieu of foreclosure of bonds and mortgages heretofore granted by petitioner out of funds in its Park Police pension

fund. The vacant lot, situated in Newark, was likewise taken over by deed in lieu of foreclosure.

Petitioner claims all of these parcels are exempt from taxation upon the ground that no constitutional legislative enactment has subjected county property of any nature to local property taxation. The taxing districts cite *R. S.* 54:4-3.3; *N. J. S. A.* 54:4-3.3 as authority for the taxation of the property. That reads as follows:

"The property of the United States and, except as otherwise provided by article 1 of this chapter (sections 54:4-1, *et seq.*), the property of the state of New Jersey; and the property of the respective counties, school districts and taxing districts, when located therein and used for public purposes, or for the preservation or exhibit of historical data, records or property shall be exempt from taxation under this chapter, but this exemption shall not include real property bought in for debts or on foreclosure of mortgages given to secure loans out of public funds or out of money in court, which property shall be taxed unless devoted to public uses. The lands of counties, municipalities, and other municipal and public agencies of this state used for the purpose and for the protection of a public water supply, shall be subject to taxation by the respective taxing districts where situated, at the true value thereof, without regard to any buildings or other improvements thereon, in the same manner and to the same extent as the lands of private persons, but all other property so used shall be exempt from taxation."

It is thus specifically provided that real property purchased in for debts or on foreclosure is taxable, though owned by counties. Respondents say the classification for exemption and taxation thus set up is unconstitutional, relying upon decisions such as *Jersey City* v. *Blum* (*Court of Errors and Appeals,* 1925), 101 *N. J. L.* 93; 127 *Atl. Rep.* 214, and others, holding certain aspects of this statute other than that here in question offensive to the requirement of uniformity in taxation, under article IV, section 7, paragraph 12 of the State Constitution. It is sufficient to say that this board will not find a statutory provision unconstitutional as a matter of first impression. There being no court decision directly

holding the specific taxing clause of the section here relied upon by the respondents to be unconstitutional, we must apply it literally and affirm the assessments of these parcels. It may be observed, parenthetically, that it is fairly inferable from the language in the opinion of the Supreme Court in *Trenton Savings Fund* v. *Richards* (*Supreme Court*, 1889), 52 *N. J. L.* 156 (at *p.* 160) ; 18 *Atl. Rep.* 582, that under the constitution a classification for taxation of all realty purchased in for debt or acquired by or in lieu of foreclosure of a mortgage, is valid.

The judgments of the Essex County Board of Taxation, affirming the assessments, are affirmed.