LASSER, P. J. T. C.
Cranford Township contests the denial of tax exemption for 1978 for property located on Lakeview Avenue in the Township of Hope, known as Block 4000, Lots 3200 and 3300. This property was tax exempt for the years 1975, 1976 and 1977 but was removed from exempt status for the year 1978 and assessed as follows:
Lot 3200 Lot 3300
3.36 acres 3.79 acres
Land $18,100 '$16,300
Improvements 20,100 5,050
Total $38,200 $21,350
The Warren County Board of Taxation affirmed these assessments. The parties have stipulated that if the property is not tax exempt for 1978, the foregoing assessments are correct.
The following facts have.been stipulated by the parties in the form of joint exhibits submitted to the court. Lot 3200 is a lakefront lot. On this property is a lodge containing a kitchen, lounge and dining facilities, a pump house, a director’s cabin, a storage cabin and seven camper cabins. Lot 3300 is improved with one cabin but does not front on the lake.
The property was acquired by the Cranford Boys Camp Association in the 1920s and conveyed by the Association to Cranford by deed dated May 1, 1974. It is used for camping and recreational purposes and is available only to residents of Cranford and their guests. Shelters, tent sites and boats are rented to persons using the property. The property is operated at a loss and is subsidized by the taxpayers of Cranford.
The property record card, a schedule of revenues and expenses for the years 1976 and 1977, and the August 1975 and October *253 1977 applications for exemption were introduced into evidence as joint exhibits.
Cranford contends that the property is exclusively used for public purposes as a camp ground and recreational site and is thus exempt from taxation under N.J.S.A. 54:4-3.3. Cranford does not contend that the property should be exempt under N.J.S.A. 54:4-3.6.
It is undisputed that as of October 1, 1977 the use of the property was limited to residents of Cranford Township and their guests. Hope argues that the limitation on use of the property to a restricted class of persons removes the property from public purpose use, preventing exemption under N.J.S.A. 54:4-3.3.
Property owned by a taxing district and used for public purposes is exempt from local property taxation under N.J.S.A. 54:4-3.3. Tax exemption under this statute requires both public ownership and use for public purposes. Bergen Cty. v. Paramus, 79 N.J. 302, 307, 399 A.2d 616 (1979); Martin v. Collingswood, 36 N.J. 447, 449-50, 177 A.2d 759 (1962); Jamouneau v. Tax Appeals Div., 2 N.J. 325, 332-333, 66 A.2d 534 (1949). Public ownership alone is not enough to exempt property. N.J. Turnpike Auth. v. Washington Tp., 16 N.J. 38, 44-45, 106 A.2d 4 (1954).
The issue in this case is whether the limitation on use to Cranford residents is inconsistent with the requirement that the use be for public purposes. Campground facilities furnished by a governmental entity for recreational use are a well recognized public purpose. Essex Cty. Park Comm’n v. West Orange, 75 N.J.L. 376, 379, 67 A. 1065 (Sup.Ct.1907), rev’d on other grounds, 77 N.J.L. 575, 73 A. 511 (E. & A. 1908).
A similar issue was presented to New Jersey’s highest court in Middlesex Borough v. Plainfield, 92 N.J.L. 520, 105 A. 724 (E. & A. 1918). In Middlesex the court interpreted § 3 of the General Act of 1903. This statute granted exemption to governmental property used for public purposes. The wording of this statute *254 is the same as that in N.J.S.A. 54:4-3.3. Plainfield, North Plainfield and Dunellen sought exemption from real property tax for a 90-acre tract of land located in Middlesex Borough and used for a sewage disposal plant. The use of the sewage disposal plant was limited to the residents of Plainfield, North Plainfield and Dunellen. The court held the property to be exempt, stating:
... the only question argued on behalf of the Borough of Middlesex, and the reason it urges in favor of the assessment, is that the land is not used for public purposes within the meaning of the taxing act ... because the use of this property is limited to Plainfield, the Boroughs of North Plainfield and Dunellen ... We do not think this claim is sound ... The argument of the Borough of Middlesex seems to be that because the sewage plant cannot be used by all the people in the state, but only a portion, it is not a public use. We think the statement of the proposition is a sufficient indication of its unsoundness. [At 522, 105 A. 724]
In 1906 the Legislature amended the statute granting exemption to property owned by a taxing district and used for public purposes. The amendment stated that “all lands the property of any taxing district, which are situated within the limits of any other taxing district, shall be subject to taxation by the taxing district within which such lands are situated. .. . ” Pamph. L. 1906, p. 273. In 1908 Essex Cty. Park Comm’n v. West Orange, 77 N.J.L. 575, 73 A. 511 (E. & A. 1908), held the 1906 amendment an unconstitutional attempt to classify taxing district lands for the purpose of taxation solely by reference to the location of such lands. In 1918 the Legislature again amended the General Act of 1903 to provide that “[t]he property of the respective ... taxing districts, when located therein and used for public purposes” shall be exempt from taxation. L. 1918, c. 236. In 1925 the case of Jersey City v. Blum, 101 N.J.L. 93, 127 A. 214 (E. & A.), held unconstitutional the words “when located therein.” In 1950 the words “when located therein” were deleted from the statute.
From the foregoing we conclude that:
1. The Legislature, in enacting N.J.S.A. 54:4-3.3 in its present form, intended to exempt public property used for public purposes, whether within or without the taxing district, *255 by deletion of the words limiting the exemption to property within the taxing district.
2. The holding in Middlesex Borough v. Plainfield, supra, controls the decision in this case. Middlesex held that the limitation on use to residents of the owning taxing district did not affect the right to exemption.
To conclude otherwise would require the court to add additional words to N.J.S.A. 54:4-3.3. In this statute, the Legislature made specific provision for property used for protection of the public water supply by providing that the land be taxed and the improvements exempt. The Legislature has not made such distinction for other publicly-owned land used for public purposes and this court may not write into the statute further limitations to the exemption grant.
We hold that the property is exempt from taxation for the year 1978. The parties have stipulated that the finding of the court for the year 1978 will also be applicable to the complaints filed contesting the assessments on the two properties for the year 1979. The Clerk of the Tax Court is directed to enter judgment for the years 1978 and 1979 in accordance with this opinion.