MAYOR AND ALDERMEN OF JERSEY CITY, RESPONDENTS, v. SIMON BLUM, COLLECTOR OF TAXES, ET AL., APPELLANTS.

Argued October 29, 1924—Decided January 19, 1925.

1. A statute which purports to classify the property of municipal corporations for the purpose of taxation solely by reference to the location thereof, is not a general law, within the meaning of article 4, section 7, paragraph 12 of the constitution of the state.
2. Property of the state or its political subdivisions is excluded from the operation of general statutes imposing taxation, unless there be a clear expression of a legislative purpose contained therein that such property shall not be exempted.
3. Under the provisions of a supplement to the revised Tax act of 1903, passed in 1910 (*Pamph. L., p.* 199), a tax imposed by a municipality upon lands occupied by reservoirs, pipes, &c., located within its territory, but belonging to and used for the storage and transporation of a water supply by another municipality, is valid and enforceable.

On appeal from the Supreme Court, whose *per curiam* is printed in 2 *N. J. Mis. R.* 188.

For the appellants, *Nathaniel C. Toms, Herbert Boggs, J. Henry Harrison* and *Harold Price*.

For the respondent, *Thomas J. Brogan* (*Jerome T. Congleton, Joseph G. Wolber* and *Frank H. Sommer*, on the brief).

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.  The writ of *certiorari* in the present case brings up for review certain taxes severally assessed against the city of Jersey City by nine other of the municipalities of this state; the property upon which the taxes were levied consisting, in the main, of the reservoir, dam, pipes, conduits, &c., constructed in or laid through these various municipalities, and used for the purpose of

providing the inhabitants of Jersey City with a water supply. Most, if not all, of the assessments, also covered the lands upon which the reservoir and dam were constructed, or those through which the pipes and conduits were laid.

The assessments were levied under and pursuant to the provision of section 203 (2) of the revision of our Tax act of 1918 (*Pamph. L., p.* 849), which provides that "the following property shall be exempt from taxation under this act, namely,  *  *  *  property of the respective counties, school districts and taxing districts, *when located therein and used for public purposes.*"  Counsel for Jersey City contended before the Supreme Court, and urges before us, that the attempt of the legislature by this provision of the statute to classify for taxation the property of taxing districts used for public purposes solely by reference to the location thereof, contravenes article 4, section 7, paragraph 12 of the constitution of this state, which requires that "property shall be assessed for taxes under general laws and by uniform rules."  On the other hand, the counsel for the various municipalities assert that such classification is not objectionable from a constitutional standpoint; and, further, that, if it is, then the whole of the provision dealing with the exemption from taxation of property of taxing districts used for public purposes must be exscinded, thus bringing all of such property within the operation of section 202 of the revision, which declares that "all property, real and personal, within the jurisdiction of this state, not expressly exempted by this act or excluded from its operation, shall be subject to taxation annually under this act at its true value."  The corollary of the argument is that, whether the one view or the other prevails, these tax assessments must be affirmed.

In dealing with the question of the legislative classification of the property of the various taxing districts of the state solely by reference to its location, the Supreme Court considered that it was directly involved in our decision in the case of *Essex County Park Commission* v. *West Orange, 77 N. J. L.* 575, and held, under the authority of that case,

that such attempted classification was violative of the constitutional provision above referred to.

The cited case involved the validity of a supplement to the General Tax act of 1903, which supplement was enacted in 1906 (*Pamph. L., p.* 273), and provided as follows: "All lands and property of any county and all lands and property of any taxing district which are situated within the limits of any other taxing district, shall be subject to taxation by the taxing districts within which such lands are situated, at the true value of such lands," &c. Pursuant to this supplementary enactment, the taxing authorities of the town of West Orange levied a tax upon one of the county parks, which was under the supervision and control of the park commission. It will be observed that, in determining whether or not this supplement violated the constitutional provision, so far as county property was concerned, two questions were required to be decided—(1) whether the attempted classification of the property of taxing districts solely by reference to its location ran counter to the constitution, and, if it did, then whether the arbitrary inclusion of county property in one of these unconstitutionally-created classes could be justified. The conclusion reached by this court was that a statute which attempted to thus classify the property of taxing districts, although all of such property was subjected to public use, was not a general law, and, for this reason, was in contravention of the constitution. As a result of this conclusion, we further held that the attempt to include county property within one of these illegally-created classes was also unconstitutional.

The determination of the question presented and decided in the West Orange case should be adhered to. As was said by this court in the case of *Bowman* v. *Freeholders of Essex,* 73 *N. J. L.* 543, 547: "When a decision upon a point of law has been made upon solemn argument and upon mature deliberation, the community have a right to regard it as a just declaration or exposition of the law, and to regulate their actions by it. When a rule has once been deliberately adopted and declared, it ought never to be disturbed by the

same court, except for very urgent reasons and upon a clear manifestation of error, 1 *Kent Com.* 475. * * * If the question presented by this writ of error was one of novel impression a different conclusion might be reached. But this fact affords no ground for our refusal to accept and enforce the rule which our predecessors have established. As has already been said, nothing short of an absolute conviction of its unsoundness would justify such action on our part. If the decision of a court of last resort is to be overturned by that body whenever its accuracy may be thought by the judges to be questionable, it is difficult to divine [in the language of the late Chief Justice Beasley in *Graves* v. *State,* 16 *Vr.* 208] upon what stable basis the administration of the law is to be conducted." To the same effect is our earlier decision in the case of *State* v. *Taylor,* 68 *N. J. L.* 276, 279.

Considering that we should accept the decision in the West Orange case as finally determining that the scheme of classification of the property of taxing districts for the purpose of taxation contained in section 203 of the Revision of 1918 is unconstitutional, the alternative proposition of counsel for the appellants remains to be considered, namely, whether the effect of the condemnation of this provision is to bring the whole of the property of the various taxing districts of the state within the operation of section 202 of the statute; in other words, to subject it to taxation in the same manner and to the same extent that the property of individuals is taxed. We consider that the proposition is legally unsound. It is entirely settled that courts will not construe the general language of statutes prescribing the property which shall be taxable as applying to the property of the state or its political subdivisions. *Trustees of Public Schools* v. *Trenton,* 30 *N. J. Eq.* 667, and cases cited. Such property, although the statute contains no express provision exempting it, is, by implication, excluded from its operation, unless the act contains a clear expression of a legislative purpose that it shall be included. *Newark* v. *Verona,* 59 *N. J. L.* 94. It is, of course, clear that the provisions of the Revision of 1918, now under consideration, contain nothing expressive of an intent

on the part of the legislature that *all* of the property of the various taxing districts of the state should be included in the mass of property subjected to taxation under the provision of section 202. On the contrary, the legislature expressly negatived any such intent on its part by declaring that only so much of such property as was located in a taxing district other than that which owned and used it should come within the operation of the general taxing provision. The mere failure of its purpose to subject a part only of such property to taxation, and to exempt the remainder therefrom, cannot be transmuted by judical decision into an intent upon the part of the legislature, existing at the time of the enactment of the statute, and clearly expressed therein, that, in the event of such failure, none of such property should be exempted, but all of it should be taxed.

Reaching the conclusion that the provision of section 203 of the Revised Tax act attempting to subject to taxation the property of taxing districts used for public purposes, but located in other taxing districts, is invalid, the question remains whether there is any other existing statutory provision justifying the imposition of the taxes under review, or any portion thereof. In connection with this question, we are referred by counsel to a supplement to the revised act of 1903, which was passed in 1910. *Pamph. L., p.* 199. This supplement provides that "the lands of the respective counties, townships, cities, boroughs, towns and other municipalities and public agencies of this state used for the purpose and for the protection of public water supply, shall be subject to taxation by the respective taxing districts in which such real estate is situated at the true value thereof, without regard to any buildings or other improvements on such lands, in the same manner and to the same extent as the lands of private persons are subject to taxation." This supplementary enactment is still in force, not having been repealed by the Revision of 1918 nor by the enactment of any earlier or later legislation. In the case of *Jersey City* v. *Huber, Collector,* 90 *N. J. L.* 692, the Supreme Court, in considering the scope and effect of this legislation, held that,

by virtue thereof the assessment of a tax by the borough of Secaucus upon the pipe line of the Jersey City water supply system, exclusive of the land occupied by it, was invalid, the legislature having provided that the tax authorized to be levied under this statute should be limited to the land used for the purpose of the water supply, exclusive of the value added thereto by the improvements constructed thereon. and, for this reason, declared the tax invalid. This court upon review affirmed the judgment of the Supreme Court, for the reason expressed in its opinion. See case on appeal, 90 *N. J. L.* 692.

The taxes severally assessed by the various taxing districts, parties to this litigation, and brought up by the writ of *certiorari,* were declared by the Supreme Court to be invalid *in toto,* and were set aside. As was pointed out in an earlier part of this opinion, in many, if not all, of the cases involved in this decision, the assessment was levied, not only upon the reservoir, dam, pipe line, &c., but also on the lands upon which they were constructed or through which they were laid. Our conclusion is that, as to so much of these assessments as covered the reservoir, dam, pipe line, &c., the judgment of the Supreme Court vacating and setting them aside should be affirmed; but that, to the extent that the assessments were levied upon the lands on which the improvements were constructed or through which they were laid, the judgment of the Supreme Court invalidating them was erroneous.

The judgment under review will be modified to the extent indicated.

*For affirmance*—None.

*For reversal*—BLACK, VAN BUSKIRK, KAYS, JJ.  3.

*For modification*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, MINTURN, KATZENBACH, LLOYD, CLARK, JJ.  7.