STATE BOARD OF TAX APPEALS.

TOWN OF MORRISTOWN, PETITIONER, v. TOWNSHIP OF RANDOLPH, RESPONDENT.

Decided May 27, 1941.

For the petitioner, *Nathaniel C. Toms.*

For the respondent, *Morris H. Saltz.*

QUINN, President.   Fourteen appeals are brought by petitioner to reduce or cancel assessments upon certain parcels of real property, some improved and some unimproved, owned by it and assessed for taxes by the respondent taxing district for the year 1939.  The lands are part of the water supply system of the Town of Morristown.  The buildings are tenanted structures, contemplated for eventual removal.  They do not relate to the water supply function served by the lands. The land appeals have been withdrawn, and the only issue presented is as to the claimed right of examination from taxation of the improvements, urged on behalf of petitioner.  The Morris County Board of Taxation dismissed the appeals on all of these properties.

Under *Trustees* v. *Trenton,* 30 *N. J. Eq.* 668, it was held that property of taxing districts is not subject to the operation of *R. S.* 54:4-1; *N. J. S. A.* 54:4-1, declaring that all property within the state, not expressly exempted under the taxing statutes, is subject to taxation annually at its true

value. In that case it was held that general statutes prescribing what property should be taxable, would not be construed as applicable to the property of the state or its political subdivisions. And see *Jersey City* v. *Blum* (*Court of Errors and Appeals*, 1925), 101 *N. J. L.* 93; 127 *Atl. Rep.* 214.

The attempt to lay an assessment on the property here in question is not based upon any cited act subjecting such property to taxation. While, under *R. S.* 54:4-3.3; *N. J. S. A.* 54:4-3.3, *lands* of municipalities, used for public water supply, are subjected to taxation, that act specifically excludes "any buildings or other improvements thereon, from its scope." There is no distinction made based upon the nature of the use to which such buildings are put. As a matter of plain statutory construction therefore, none of the improvements here in question were taxable, and cancellation will be ordered of all such assessments in the pending appeals. The land assessments will be affirmed.

Judgments accordingly.