THE ESSEX COUNTY PARK COMMISSION, A BODY POLI-
TIC OF THE STATE OF NEW JERSEY, PROSECUTOR,
v. THE STATE BOARD OF TAX APPEALS OF THE STATE
OF NEW JERSEY AND THE CITY OF NEWARK (FOUR
CASES), AND TOWN OF BLOOMFIELD, AND BOROUGH
OF CALDWELL, AND VILLAGE OF SOUTH ORANGE,
RESPONDENTS.

Submitted October 6, 1942—Decided January 18, 1943.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and
PORTER.

For the prosecutor, *Harrison & Roche* (*J. Henry Harrison*
and *John J. McDonough,* of counsel).

For the respondents, *Raymond Schroeder* (*Vincent J.
Casale,* of counsel), for the City of Newark; *Edward C.
Pettit,* for the Town of Bloomfield; *Philip D. Elliot,* for the
Borough of Caldwell; *Howard R. Cruse,* for the Village of
South Orange.

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. The ultimate question in this case involves the constitutionality of a certain section of our tax statute that has to do with exemption of public property from taxation. This case before us arises on rule to show cause why *certiorari* should not be allowed to review a judgment of the State Board of Tax Appeals. The proposed prosecutor of the writ contends that certain real properties owned by it, a public agency, and assessed by the several taxing districts in which the properties lie, are exempt from taxation under the statute. The assessments were approved by the county tax board and on appeal to the State Board of Tax Appeals these judgments were affirmed. The properties, located in four taxing districts in Essex County, are seven in number and are owned by the Essex County Park Commission. The Park Commission, it appears, had invested pension fund money in bond and mortgage on these properties. The several mortgagors defaulted; two of the mortgages were foreclosed and the property purchased by the Commission at the sheriff's sale; in the remaining five cases, the mortgages being in default, the mortgagors conveyed the property to the Commission in consideration of the mortgage debt. The question is whether these properties are validly subject to taxation by the local taxing districts in which they are located. The pertinent statute is *N. J. S. A.* 54:4-3.3 which provides as follows: "The property of the United States, and except as otherwise provided by article 1 of this chapter (§ 54:4-1, *et seq.*), the property of the state of New Jersey; and the property of the respective counties, school districts and taxing districts, when located therein and used for public purposes, or for the preservation or exhibit of historical data, records or property shall be exempt from taxation under this chapter, *but this exemption shall not include real property bought in for debts or on foreclosure of mortgages given to secure loans out of public funds or out of money in court, which property shall be taxed unless devoted to public uses,* * * *.*" (Italics supplied.)

The present case, as has been said, comes to us on rule to show cause why *certiorari* should not be allowed. The ques-

tion raised is important, affects the public interest, and we think it should be decided. The writ is therefore allowed and, pursuant to stipulation between the parties, to which this court assented, we proceed to examine the ultimate question as though a return had been perfected and reasons for reversal filed.

The prosecutor contends in the main that the quoted statute, particularly the underscored portion thereof, *supra,* is unconstitutional. For its first point, conceding that the legislature may tax the property of the state or that of its subdivisions, the argument is that intent to tax must be clearly expressed. This may be admitted. *Jersey City* v. *Blum,* 101 *N. J. L.* 93; 127 *Atl. Rep.* 214. It is then conceded that the intent of the legislature was clearly expressed in the statute, viz., to withhold exemption from taxation of real property bought in for debts or foreclosure, but that nonetheless (a) the provision is unconstitutional; (b) the property is in fact used for public purposes and therefore exempt; (c) that the statute, if constitutional, does not in express terms include property which was "conveyed to prosecutor by deed."

One of the reasons advanced in the brief for the invalidity of the statute, *supra,* is that it is not general, relying on *Tippett* v. *McGrath,* 70 *N. J. L.* 110, 113, and *Jersey City* v. *Blum, supra.* One of the principles for which these cases stand is that property may not be classified for exemption or taxation on the status of its owner but rather upon features or characteristics that inhere in the property itself or in the purposes to which it is devoted. The prosecutor says that therefore any classification or distinction as to exemption for property owned by it, based on the manner of its acquisition, is specious and invalid. This argument would be sound if it was based on a fair reading of the statute. The premise upon which it is based is not complete in that it fails to take into account the words of the statute requiring such property be taxed "unless devoted to public purposes." If these properties, obtained by foreclosure or by deed, were devoted to public purposes they would be within the protection of the statute. The statute, in a word, provides that the

property of the state, or any of its named subdivisions, used for public purposes, shall be exempt from taxation; and further in very explicit language the statute provides that exemption shall not apply to properties taken for debts or by foreclosure unless they, too, are put to public use. It seems manifest that where real estate is acquired, as the properties in question were (either by foreclosure or by deed in lieu of foreclosure), in an effort to salvage the mortgage investment, that circumstance does not endow such property with a public status or a public use. These properties are not used for park purposes or for any other public use. As a matter of fact, it is stipulated that they are occupied and rent is being paid by tenants, which goes to the pension fund. And so the test is not the status of the owner but the use to which the property is put that determines its taxability, and this we conceive to be a valid classification.

A further argument is made that the italicized portion of the statute is unconstitutional because not general in that it does not include every manner of acquiring property, for instance, by gift but is limited to "property bought in for debts or on foreclosure of mortgages * * *." This reasoning is not sound. If it was, no such statute would be immune from challenge if one hypothesis could be conjured up that the legislature had failed to take into account. The question in this case is whether a classification for exemption, based on use to which the exempt property is put, is valid. And we conclude that it is. Regardless of the manner in which property is acquired, it would be taxable, in our view, unless devoted to that public use which the statute recognizes as a basis for exemption.

It is further said that the italicized language is unconstitutional because it necessarily depends on a clause in the section "when located therein" previously held unconstitutional in *Jersey City* v. *Blum, supra,* and therefore it must fall. It is true that the Blum case held that part or clause of the section unconstitutional which restricted exemption to instances where the property was situate within the confines of the taxing district. This decision followed the earlier case of *Essex County Park Commission* v. *West Orange,* 77

*N. J. L.* 575. In that case the Court of Errors and Appeals, reviewing a situation which was the converse of that in the Blum case, held the statute (*Pamph. L.* 1906, *p.* 273) unconstitutional. That statute authorized the taxing of county property and the taxing of the lands of a taxing district, which were situated within the limits of any other taxing district. This was another attempt at classification based on location. Thus in the Blum and West Orange cases it was held that a differentiation based on location does not justify an exception to a general exemption.

To return: The point is made that the entire section of the statute falls when any of its essential parts are held to be invalid, citing *Van Cleef* v. *Commissioners of New Brunswick*, 38 *N. J. L.* 320. It is our view that the clause in the section ("when located therein") which was struck down in the Blum and West Orange cases was neither an essential nor a necessary part of the section. Without it the classification for exemption based on use is consistent, meritorious as a matter of fair and just distinction and, in our judgment, valid. Nor does the exception to exemption contained in the italicized language do violence to the legislative classification since it, too, is consistent with the general plan of exemptions granted when the land is used for the public.

The final point made by prosecutor is that the lands in question are in fact devoted to public use. Manifestly they are not as we understand the words "public use." Reliance, however, is placed on the case of *Essex County Park Commission* v. *West Orange*, 75 *N. J. L.* 376, which involved the same statute held unconstitutional in a later case by the same name, *supra*. (See case on appeal, 77 *Id.* 575.) This is the language of the opinion upon which the argument is rested (*p.* 379):

"It seems to us that the mere fact that lands are owned by a county or other municipality necessarily imports that it is to some extent impressed with a public use. These public corporations are but agencies of the state, and they exercise no other than public functions. Where lands owned by them are used for such a purpose as a courthouse or a recreation park, the public use is of course manifest. But even where

not devoted to such a purpose, we think that nevertheless there is a public use. Take the case of lands purchased at a tax sale, or lands bought in under execution issued to enforce payment of a debt due to the public corporation; while such lands are normally held for a temporary purpose and only to secure the payment of moneys due to the public, yet, while thus held, they are in a sense devoted to the public use, as much so as the moneys themselves for whose payment they are held in pledge."

This language, in our view, was *obiter dicta* as the lands involved in that case had been condemned for park purposes and the court, while refusing to pass on the constitutionality of the act involved, for lack of argument on the point, refers at page 380 to the language used in that act "where used for public purposes" and stated: "It is, of course, necessary to give some force to the quoted words, and they have been held to limit the exemption to property which, *in specie*, is used for public purposes." *City of Perth Amboy* v. *Barker, Collec., 74 N. J. L.* 127. The Perth Amboy case, just cited, in our judgment, is a complete answer to the prosecutor's contention. Under the statute of 1903, similar to that now before us, it was held (*Cf.* Perth Amboy case, *supra,* at *p.* 128) that even though property was acquired for a public purpose, but not yet devoted to that purpose except to a small extent and temporarily, it was not exempt from taxation. Certainly the properties here, being rented to tenants, were not used "in specie" for public purposes.

The parties should agree upon a proper record to the end that the writ will be allowed, a return made, reasons filed, and there will be a judgment affirming the findings of the State Board of Tax Appeals and a dismissal of the writ of *certiorari*.