DIVISION OF TAX APPEALS.

TOWNSHIP OF LANDIS, PETITIONER, v. BOROUGH OF VINELAND, RESPONDENT.

Decided November 26, 1946.

For the petitioner, *Solve Tuso* and *Milstead & McElroy* (by *Albert McElroy*).

For the respondent, *Philip Lipman* and *William Shepp*.

KREAMER, COMMISSIONER. This is an appeal from a judgment of the Cumberland County Board of Taxation canceling an assessment for the year 1943 in the sum of $350,000 levied by Landis Township, petitioner herein, against certain personal property owned by the respondent, Borough of Vineland. The assessment, as originally made, incorrectly named the Vineland Electric Company, as owner, but the respondent has waived any objection to this formal defect, and the erroneous designation is not an issue herein.

The facts have been stipulated by the parties. The Borough of Vineland is the owner and operator of an electric power plant within its own municipal limits and serves consumers residing therein. The distribution system extends into Landis Township which adjoins the Borough of Vineland.

The particular property which is the subject-matter of the assessment consists of poles, lines and other electrical equipment maintained by Vineland and located wholly within the corporate limits of Landis Township. This equipment is maintained by Vineland for the sole purpose of distributing electrical energy to consumers who reside in Landis, for which a service charge is made by Vineland.

The sole issue for determination is whether Landis Township may subject the within property to a local *ad valorem* tax, or whether for any reason it should be exempted or excluded from local taxation.

*R. S.* 54:4–1; *N. J. S. A.* 54:4–1 of the General Tax Act provides:

"All property, real and personal, within the jurisdiction of this state not expressly exempted from taxation or expressly excluded from the operation of this chapter shall be subject to taxation annually under this chapter at its true value, and shall be valued by the assessors of the respective taxing districts. Property omitted by the assessors may be assessed as hereinafter provided. All property shall be assessed to the owner thereof with reference to the amount owned on October first in each year, and the person so assessed for personal property shall be personally liable for the taxes thereon."

In the case of *Trustees* v. *Trenton,* 30 *N. J. Eq.* 667, it was held that the general language of statutes prescribing what property shall be taxable, such as the above section, cannot be construed to include the property of any political subdivision of the state. The rule was laid down that such property is not taxable "unless there is a clear expression of intent to include it."

Since the decision in that case, however, our Tax Act has been amended to include an exemption provision which now appears in *R. S.* 54:4–3.3; *N. J. S. A.* 54:4–3.3, the first sentence of which reads as follows:

"The property of the United States and, except as otherwise provided by article 1 of this chapter (Sec. 54:4–1, *et seq.*), the property of the state of New Jersey; and the property of the respective counties, school districts and taxing districts, when located therein and used for public pur-

poses, or for the preservation or exhibit of historical data, records or property shall be exempt from taxation under this chapter, but this exemption shall not include real property bought in for debts or on foreclosure of mortgages given to secure loans out of public funds or out of money in court, which property shall be taxed unless devoted to public uses."

The petitioner urges that the foregoing, specifically exempting municipal property "when located therein and used for public purposes," when read together with *R. S.* 54:4–1; *N. J. S. A.* 54:4–1, evinces a legislative intent to tax all other property of a municipality not so exempted. It is within this latter category that petitioner claims the subject property must fall.

The same contention was considered in the case of *Jersey City* v. *Blum* (*Court of Errors and Appeals*), 101 *N. J. L.* 93; 127 *Atl. Rep.* 214, wherein property of Jersey City was assessed for taxation by surrounding municipalities wherein the property was located. The act under which that property was assessed was section 203 of the Tax Act of 1918, which is practically identical with *R. S.* 54:4–3.3; *N. J. S. A.* 54:4–3.3, above quoted. It read:

"* * * the following property shall be exempt from taxation under this act, namely * * * property of the respective counties, school districts and taxing districts, when located therein and used for public purposes."

The assessment obviously was made on the theory that the property not coming within the exemption since not located in Jersey City was subject to taxation. The foregoing section was held unconstitutional as being a "classification of the property of taxing districts solely by reference to its location" and thus was not a general law, citing *Essex County Park Commission* v. *West Orange*, 77 *N. J. L.* 575; 73 *Atl. Rep.* 511. It was thus held that the property was not subject to taxation, the court stating:

"Considering that we should accept the decision in the West Orange case as finally determining that the scheme of classification of the property of taxing districts for the purpose of taxation contained in section 203 of the Revision of 1918 is unconstitutional, the alternative proposition of coun-

sel for the appellants remains to be considered, namely, whether the effect of the condemnation of this provision is to bring the whole of the property of the various taxing districts of the state within the operation of section 202 of the statute; in other words, to subject it to taxation in the same manner and to the same extent that the property of individuals is taxed. We consider that the proposition is legally unsound. It is entirely settled that courts will not construe the general language of statutes prescribing the property which shall be taxable as applying to the property of the state or its political subdivisions. *Trustees of Public Schools* v. *Trenton,* 30 *N. J. Eq.* 667, and cases cited. Such property, although the statute contains no express provision exempting it, is, by implication, excluded from its operation, unless the act contains a clear expression of a legislative purpose that it shall be included. *Newark* v. *Verona,* 59 *N. J. L.* 94; 34 *Atl. Rep.* 1060. It is, of course, clear that the provisions of the Revision of 1918, now under consideration, contain nothing expressive of an intent on the part of the legislature that all of the property of the various taxing districts of the state should be included in the mass of property subjected to taxation under the provision of section 202 [*N. J. S. A.* 54:4–1] * * *."

The petitioner relies on the case of *The Essex County Park Commission* v. *State Board of Tax Appeals (Supreme Court),* 129 *N. J. L.* 336; 29 *Atl. Rep.* (2d) 739, as authority for the view that the phrase "when located therein" contained in *R. S.* 54:4–3.3; *N. J. S. A.* 54:4–3.3, above quoted is neither a necessary nor essential part of the section and may be exscinded therefrom and that the statute, with that phrase deleted, is constitutional and that thus the test for exemption is public use alone. The court in this case held:

"* * * It is our view that the clause in the section ('when located therein') which was struck down in the Blum and West Orange cases was neither an essential nor a necessary part of the section. Without it the classification for exemption based on use is consistent, meritorious as a matter of fair and just distinction and, in our judgment, valid. * * *."

The petitioner further urges in reliance upon the foregoing case, that the subject property is not "in public use" and therefore subject to taxation.

The effect of this Essex County Park Commission decision is that the phrase "when located therein" may be eliminated, and the statute remain operative, with exemption depending upon public use. We conceive this to be incompatible with the rationale of the Court of Errors and Appeals decision in *Jersey City* v. *Blum, supra.* We view that decision as holding that the entire exemption provision involved in that case was unconstitutional and not merely that the phrase "when located therein" should be removed.

The case of *Township of Teaneck* v. *State Board of Tax Appeals,* 110 *N. J. L.* 28; 164 *Atl. 'Rep.* 895, a Supreme Court opinion affirmed by the Court of Errors and Appeals in 111 *N. J. L.* 242; 168 *Atl. Rep.* 449, for the reasons expressed below, is foremost among the many cases citing the Blum case as further authority for the view that the exemption provision involved therein was held unconstitutional *in toto.* In that case Teaneck attempted to tax a parcel of land belonging to Bergen County situate in Teaneck. The land was vacant and not used for any purpose. The court held the land not taxable, stating:

"The Tax Act of 1918 (*Pamph. L., p.* 847) provides by section 202 [*N. J. S. A.* 54:4–1], that 'all property, real and personal, * * * not expressly exempted by this act or excluded from its operation, shall be subject to taxation annually under this act at its true value, * * *.'

"By section 203 [*N. J. S. A.* 54:4–3.3], several times amended, certain exemptions are declared. The amendment in force on October 1st, 1928, was that of 1927 (*Pamph. L., p.* 790), which exempts 'property of the respective counties * * * when located therein and used for public purposes * * *.'

"But for the decision of the Court of Errors and Appeals, touching these very sections, in *Jersey City* v. *Blum,* 101 *N. J. L.* 93, 96; 127 *Atl. Rep.* 214, it might well be argued that the broad language of section 202, particularly when read with section 203 as quoted, evinced an intent to subject all

municipal property to taxation unless exempted. But the court read them otherwise, holding that under the case of *Essex County Park Commission* v. *West Orange*, 77 *Id*. 575, the exemption clause quoted from section 203 was unconstitutional as creating an improper classification dependent on location: and that with that exemption clause struck out of the stataute, the language of section 202 must be construed as not intended to cover property of the state or its political subdivisions; citing *Trustees* v. *Trenton*, 30 *N. J. Eq*. 667.

"We deem that the present case is controlled by the decision in Jersey City *v*. Blum: for while part of the property dealt with in that case was held taxable under a statute of 1910 not here applicable, the remainder was held exempt under the construction placed by the court on section 202. It is true that that remainder lay outside of Jersey City: but to say that the unconstitutionality of the clause in section 203 is to be invoked in favor of 'outside' property and not as regards 'inside' property is to raise in another way precisely the distinction that was condemned in the decision.

"Following the ruling in *Jersey City* v. *Blum,* the question whether the lands now under discussion are or are not used for public purposes becomes irrelevant and academic."

It becomes immediately apparent from a reading of the foregoing opinion that the entire exemption provision involved in the Blum case was considered as unconstitutional as otherwise the question of public use would of a certainty not be considered "irrelevant and academic."

We are constrained to follow the holdings in the Blum and Teaneck cases on an issue of constitutionality, since they represent the latest pronouncements of the court of highest authority in this jurisdiction.

Apart from the question of exemption under *R. S.* 54:4–3.3; *N. J. S. A.* 54:4–3.3, there is yet another aspect of the case to be considered. We refer to *R. S.* 54:31–45, *et seq.; N. J. S. A.* 54:31–45, *et seq.,* providing for taxation based upon gross receipts, which may be found in the Tax Act under Part 5 thereof entitled "Taxation of certain public utilities."

*R. S.* 54:31–45; *N. J. S. A.* 54:31–45, reads as follows:

"The purpose of this Act is to provide a complete scheme

and method for the taxation of street railway, traction, gas and electric light, heat and power corporations using or occupying the public streets, highways, roads or other public places, to exempt from taxation other than imposed by this Act the franchises, stock and certain property of such corporations and for the taxation of the property of such corporations not so exempted from taxation; * * *."

R. S. 54:31–47; N. J. S. A. 54:31–47, reads:

"Street railway, traction, gas and electric light, heat and power corporations using or occupying public streets, highways, roads or other public places, and their property and franchises, shall be subject to taxation only as in this act provided. Any such corporation shall not be subject to any other taxes upon its property, franchises, stock or gross receipts, and the shares of stock of any such corporation shall not be taxed in the hands of shareholders."

In *Salem and Pennsgrove Traction Co.* v. *State Board*, 97 N. J. L. 386; 117 Atl. Rep. 401; affirmed, 98 N. J. L. 570; 119 Atl. Rep. 926, the court, in holding the gross receipts statute constitutional, said:

"* * * It is within the province of the legislature to exempt certain classes of corporations from personal property taxation, and treat them as a separate class by themselves, and, as long as those of that class are taxed according to uniform rules, no exception can be taken to that method. Public utilities, by reason of the peculiar nature of their business, form a separate and distinct class in themselves, and, as such, can be used as a proper classification for the purpose of taxation without violating the constitution."

The Supreme Court in *Jersey Central Power and Light Co.* v. *City of Asbury Park*, 128 N. J. L. 141; 24 Atl. Rep. (2d) 526; affirmed, 129 N. J. L. 253; 29 Atl. Rep. (2d) 139, in referring to the gross receipts statute said:

"What has been done here does not constitute an exemption in the true, unqualified sense, but rather the substitution of a gross receipts tax for the local direct tax."

See, also, *Jersey Central Power and Light Co.* v. *City of Asbury Park (State Board of Tax Appeals)*, 21 N. J. Mis. R. 372; 32 Atl. Rep. (2d) 182.

Thus it may be seen, by express provision of the gross receipts statute and the cases construing it, that all corporations within the classification of public utilities operating street railway, traction, gas and electric light, heat and power plants are excluded from the imposition of *loca ad valorem* taxes.

It is significant that title 40 of the Revised Statutes, although not a tax act, contains a legislative pronouncement that municipalities supplying electricity, gas, or steam to adjoining municipalities or inhabitants thereof, are to be treated in the same fashion as are other public utility corporations. This title deals with municipalities generally, and the following pertinent sections thereof appear under chapter 62 entitled "Public Utilities Municipality Owned."

R. S. 40:62–23; N. J. S. A. 40:62–23, provides:

"No municipality shall enter into any contract or supply any electricity, gas, steam or other product to any adjoining municipality or the inhabitants thereof, or to any county, unless such municipality, in supplying electricity, gas, steam or other product beyond its corporate limits, complies with all laws, regulations or orders applicable to private corporations, owning or operating any electric, gas, steam or other plant, or distributing or supplying electricity, gas, steam or other product, and unless such municipality pays taxes, including franchise licenses or taxes, the same as would be paid if such plant or equipment were owned by a private corporation, and unless the board of public utility commissioners shall, after notice and hearing, determine and certify that such adjoining municipality or such county is not adequately and properly served by an existing company."

R. S. 40:62–24; N. J. S. A. 40:62–24, provides:

"Every municipality in supplying electricity, gas, steam or other product beyond its corporate limits is hereby declared to be a public utility. The board of public utility commissioners shall have the same supervision and regulation of, and jurisdiction and control over such municipality in respect to its acts in supplying electricity, gas, steam or other product beyond its corporate limits, and of and over the property, property rights, equipment, facilities and franchises used

in supplying electricity, gas, steam or other product beyond its corporate limits as over other public utilities. Every such municipality shall be subject as to its service, accounts, property rights, equipment, franchises, extensions, reports, rates, issuance of bonds or other indebtedness maturing in more than one year from the date thereof, to the jurisdiction of the board of public utility commissioners to the same extent as other public utilities."

Under these sections a municipality operating the public utilities named therein may not make distribution in an adjoining municipality unless it pays the same taxes which a private corporation operating those public utilities is required to pay. It is apparent that a private public utility corporation under these circumstances, owning the subject property, could have been taxed only under the gross receipts statute.

For the reasons stated, we are of the opinion that the personal property involved herein is not subject to the tax levied by the petitioner. The judgment of the Cumberland County Board of Taxation canceling the assessment is affirmed, and the appeal filed herein dismissed.