NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

-----------------------------------------------x
ATLANTIC CITY MUNICIPAL   :   TAX COURT OF NEW JERSEY
UTILITIES AUTHORITY,    :   DOCKET NO: 012518-2020
           :          000441-2021

   Plaintiff,    :

   v.       :

CITY OF ABSECON,    :
CITY OF PLEASANTVILLE,  :
TOWNSHIP OF GALLOWAY, and :
TOWNSHIP OF EGG HARBOR, :

   Defendants.  :
-----------------------------------------------x

Decided:  May 7, 2021

Daniel J. Gallagher for plaintiff.

Michael J. Coskey for defendants City of Absecon and City of Pleasantville (Parker McCay P.A., attorneys).

Thomas G. Smith for defendants Township of Egg Harbor and Township of Galloway.

CIMINO, J.T.C.

## I. INTRODUCTION

Defendants, City of Absecon, City of Pleasantville, Township of Galloway and Township of Egg Harbor, seek dismissal of plaintiff's complaint for failure to

1

establish that the subject property is exempt pursuant to N.J.S.A. 40:14B-63. N.J.S.A. 40:14B-63 was amended to include an exception to exempt status. With the amendment, certain properties described in N.J.S.A. 54:4-3.3 are not subject to the exemption. Due to plaintiff's lands being used for the purpose and for the protection of a public water supply as described in N.J.S.A. 54:4-3.3, defendant's motion to dismiss is granted.

## II.    STATEMENT OF FACTS

Plaintiff, Atlantic City Municipal Utilities Authority (ACMUA), is the owner of various parcels in the defendant municipalities, City of Absecon, City of Pleasantville, Township of Galloway and Township of Egg Harbor. The ACMUA parcels located in the municipalities were assessed and plaintiff made a claim for a tax exemption on August 6, 2020 and October 27, 2020. Plaintiff's exemption application was denied by the local tax assessors for each of the defendant municipalities. On November 16, 2020, plaintiff filed their complaint requesting a judgment declaring defendants be enjoined from collecting tax for 2020 on these parcels. Plaintiff asserts that the properties are exempt from taxation pursuant to N.J.S.A. 40:14B-63 and that the stated properties have been improperly taxed for many years. Plaintiff filed a second complaint for 2021 on January 25, 2021 seeking the same relief as the prior complaint. Defendants, City of Absecon and City of Pleasantville, filed a motion to dismiss plaintiff's complaint arguing that the

2

complaint fails to establish that the subject properties are exempt pursuant to N.J.S.A. 40:14B-63. Defendants, Township of Galloway and Township of Egg Harbor, joined in the motion. Plaintiff argues in its opposition brief that the ACMUA property does not fall within the exception from exempt status found in N.J.S.A. 40:14B-63.

III. LEGAL ANALYSIS

The issue presented in defendants' motion to dismiss the complaint for failure to state a claim is whether plaintiff's subject property is exempt from taxation pursuant to N.J.S.A. 40:14B-63. R. 4:6-2(e) motions to dismiss for a complaint's failure to state a claim on which relief may be granted should only be granted in the rarest instances. Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 772 (1989). The complaint must be searched in depth and with liberality to determine if a cause of action can be gleaned even from an obscure statement in the complaint. Id. at 746. Every reasonable inference is accorded to the plaintiff. Ibid.

Plaintiff asserts in its complaints that the ACMUA is an institution entitled to exemption under N.J.S.A. 40:14B-63 and that the properties found in the defendant municipalities are "used exclusively for the production and purification of water which it supplies to the City of Atlantic City." With this statement taken as true, the

3

court must determine if this type of property is exempt for the purposes of N.J.S.A. 40:14B-63. In order to do so, this requires an analysis of N.J.S.A. 40:14B-63.

In 1957, New Jersey enacted the Municipal Utilities Authorities Law. L. 1957, c. 183. N.J.S.A. 40:14B-1 to -69. Initially, the law provided:

> Every utility system and all other property of a municipal authority are hereby declared to be public property of a political subdivision of the State and devoted to an essential public and governmental function and purpose and shall be exempt from all taxes and special assessments of the State or any subdivision thereof.
>
> [L. 1957, c. 183, § 63.]

There was originally no exception to the exemption from taxes. All municipal authority property was exempt. However, on November 8, 1968, New Jersey amended the Municipal Utilities Authorities Law. Specifically, the amendment was to section 63. L. 1968, c. 328. The amended language added "other than lands subject to assessment and taxation pursuant to Revised Statutes 54:4-3.3," shall be exempt. Ibid. In other words, while any improvements would be exempt, the land subject to N.J.S.A. 54:4-3.3 would not. The statute now reads:

> Every utility system and all other property of a municipal authority are hereby declared to be public property of a political subdivision of the State and devoted to an essential public and governmental function and purpose and, other than lands subject to assessment and taxation pursuant to Revised Statutes 54:4-3.3, shall be exempt

4

from all taxes and special assessments of the State or any subdivision thereof.

[N.J.S.A. 40:14B-63 (emphasis added to indicate 1968 amendment).]

The relevant language in N.J.S.A. 54:4-3.3 includes:

The lands of counties, municipalities, and other municipal and public agencies of this State used for the purpose and for the protection of a public water supply shall be subject to taxation by the respective taxing districts where situated, at the taxable value thereof, without regard to any buildings or other improvements thereon, in the same manner and to the same extent as the lands of private persons, but all other property so used shall be exempt from taxation.

[N.J.S.A. 54:4-3.3 (emphasis added).]

N.J.S.A. 40:14B-63 sets out the real property tax exemption for property used for public and governmental functions which are held by municipal authorities. The plain language of the statute also sets a limit on the extent of the exemption through N.J.S.A. 54:4-3.3. Those types of lands not subject to the exemption in N.J.S.A. 40:14B-63 are lands held by municipal authorities for the purpose and protection of a public water supply. See N.J.S.A. 54:4-3.3. These lands are subject to taxation by the taxing district where the lands are situated. Plaintiff claims the requirements for the tax exemption pursuant to N.J.S.A. 40:14B-63 are met. The stated use of the land is for the production and purification of water. However, this use must not fall

under the definition in N.J.S.A. 54:4-3.3 in order for the property to qualify for the exemption.

An earlier version of N.J.S.A. 54:4-3.3 helps guide the analysis. In 1910, a supplement to an act entitled "An act for the assessment and collection of taxes" was enacted. L. 1910, c. 118. This supplement contained the language now essentially found in N.J.S.A. 54:4-3.3, "lands of the respective counties, townships, cities, boroughs, towns and other municipal and public agencies of this State, used for the purpose and for the protection of public water supply, shall be subject to taxation by the respective taxing districts. . ." L. 1910, c. 118.

The 1910 supplement was relied upon by the Court of Errors and Appeals when determining if certain taxes assessed were justified. Taxes were severally assessed against the city of Jersey City by nine other municipalities.[1] Jersey City v. Blum, 101 N.J.L. 93 (E. & A. 1925). The taxes were levied upon the land and the improvements consisting of the reservoir, dam, pipes and conduits which were constructed or located within the various municipalities for the purposes of providing a water supply. Id. at 93. The taxes were also levied upon the lands where the reservoir, dam, pipes and conduits were located. Id. at 94. The old Supreme Court of New Jersey, then a lower court than the Court of Errors and Appeals,

---

[1] The Court of Errors and Appeals was the highest court in New Jersey at the time.

declared all the levied taxes invalid. Id. at 98. Jersey City v. Blum, 2 N.J. Misc. 188, 189 (Sup. Ct. 1924). After reviewing this decision and considering the 1910 supplement, the Court of Errors and Appeals affirmed the judgement vacating the assessments on the improvements consisting of the reservoir, dam, pipes, and conduits, while declaring the Supreme Court judgment invalidating the assessments on the lands where those improvements were found to be erroneous. Blum, 101 N.J.L. at 98. Municipalities could thus tax the lands used for the purpose and protection of a public water supply, even if the lands are held by counties, townships, cities, boroughs, towns and other municipal or public agencies.

As part of the 1937 revision to our statutes, the 1910 supplement was codified as R.S. 54:4-3.3, which is now referred to as N.J.S.A. 54:4-3.3.[2] In 1952, our modern Supreme Court broadly included watershed property as part of the water supply system. City of Newark v. Township of West Milford, 9 N.J. 295, 300 (1952). The property was assessed pursuant to N.J.S.A. 54:4-3.3. Ibid. Even watershed or water reserve land being utilized for subordinate or incidental exempt purposes such as a public golf course and nature center is part of the water supply system. East Orange v. Livingston, 102 N.J. Super. 512, 539-41 (Law Div. 1968), aff'd o.b., 54 N.J. 96

---

[2] As to the 1937 codification, see L. 1937, c. 188.

(1969). Property that is part of the water supply system is property used for the purpose and protection of a public water supply.

There is "no sharp distinction … made between lands used for the purpose of a public water supply and lands used for the purpose of a public water supply system." City of Clifton v. North Jersey Dist. Water Supply Comm'n, 104 N.J. Super. 147, 151 (App. Div. 1969). The statute does not warrant a distinction for taxing lands used for the transmission and distribution of water. Id. at 150-51. Lands used for the public water supply are taxable within the taxing district where the lands are located per N.J.S.A. 54:4-3.3. In re Appeal of East Orange, 103 N.J. Super. 109, 112 (App. Div. 1968). The buildings or other improvements on these lands are not taxable. Ibid.

Lands that are part of the public water supply are lands that do not meet the exemption under N.J.S.A. 40:14B-63, because the statute was amended to include the exception under N.J.S.A. 54:4-3.3. Morris Cnty. Mun. Util. Auth. v. Township of Morris, 14 N.J. Tax 81, 85 (Tax 1994). Those lands are used for the purpose and protection of a public water supply.

The focus of the statute is not on the description of the property as the supply or the system for the supply of water. Rather, the focus is on the use of the property for the purpose of, or protection of, the water supply. Plaintiff's complaint alleges that the property assessed is "used exclusively for production and purification of

8

water which it supplies to the city of Atlantic City." In other words, the property is "used for the purpose and for the protection of a public water supply . . . ." See N.J.S.A. 54:4-3.3. The lands assessed are thus subject to the definition under N.J.S.A. 54:4-3.3, which is an exception to the exemption under N.J.S.A. 40:14B-63.

Provided with the complaint is the case information statement which lists the properties in question and how the assessor allocated the assessment between the land and the improvements. Each property is assessed on the land. There is no assessment on the improvements made to the land. The lands used pursuant to N.J.S.A. 54:4-3.3 are subject to taxation in the taxing districts where the property is located. Thus, the local taxing districts were correct in only assessing the lands in question.

IV.   CONCLUSION

For the reasons stated in this opinion, defendants' motion to dismiss is granted.