## TOWNSHIP OF LANDIS, PROSECUTOR, v. DIVISION OF TAX APPEALS AND THE BOROUGH OF VINELAND, DEFENDANTS.

Submitted October 7, 1947—Decided November 13, 1947.

Before Justices DONGES, COLIE and EASTWOOD.

For the prosecutor, *Solve Tuso* and *Milstead & McElroy.*

For the defendant Borough of Vineland, *Philip L. Lipman* and *William J. Shepp.*

The opinion of the court was delivered by

COLIE, J.   Defendant Borough of Vineland owns and operates an electric power plant located within the limits of the municipality.   Certain of its poles, lines and equipment are within the limits of the adjoining Township of Landis to some of whose residents electrical energy is sold.   The Township of Landis levied an assessment of $350,000 for 1943 upon such poles, lines and equipment located within its borders.   On appeal the Cumberland County Board of Taxation canceled the assessment and the Division of Tax Appeals on appeal to it affirmed the County Board's decision.   *Certiorari* was allowed to review the latter decision.

The statute here involved is *R. S.* 54:4–3.3 reading, so far as pertinent: "the property of the respective * * * taxing districts, when located therein and used for public purposes * * * shall be exempt from taxation * * *."

Although it argues that *R. S.* 54:4–3.3 is constitutional, the prosecutor nevertheless contends that the tax should be upheld because the property is not "used for public purposes." Assuming that *R. S.* 54:4–3.3 is constitutional, in *Perth Amboy* v. *Barker,* 74 *N. J. L.* 127, this court held that the furnishing of a general water supply by a municipality is a public service and we are unable to find any distinguishing feature between the distribution of water and the distribution of electrical energy and therefore hold that in the present case the property sought to be taxed is "used for public purposes." The attempt to base taxability upon the provisions of *R. S.* 40:62–23 needs no discussion other than to point out that the statute relied upon is unrelated to the field of taxation.

The writ of *certiorari* is dismissed, with costs.