TOWNSHIP OF LANDIS, A MUNICIPAL CORPORATION, PROSECUTOR-APPELLANT, v. THE DIVISION OF TAX APPEALS OF THE STATE DEPARTMENT OF TAXATION AND FINANCE OF THE STATE OF NEW JERSEY AND THE BOROUGH OF VINELAND, A MUNICIPAL CORPORATION, DEFENDANTS-RESPONDENTS.

Submitted February 13, 1948—Decided May 13, 1948.

For the prosecutor-appellant, *Solve Tuso* and *Milstead & McElroy*.

For the defendants-respondents, *Philip L. Lipman* and *William J. Shepp*.

The opinion of the court was delivered by

SCHETTINO, J. The Township of Landis levied an assessment of $350,000 for the year 1943 upon electrical distribution equipment owned by the Borough of Vineland and located within the township. The Cumberland County Board of Taxation canceled the assessment. This action was affirmed by the Division of Tax Appeals, 25 *N. J. Mis. R.* 73 (1946). On *certiorari*, the Supreme Court concluded that the judg-

ment was correct and dismissed the writ, 136 *N. J. L.* 310 (1947).

The assessed property was used by Vineland solely for the transmission and sale of electricity to residents of Landis. The property was assessed under the alleged authority of *R. S.* 54:4–3.3, which provides in part:

"The property of the United States, and, except as otherwise provided by article I of this chapter (Sec. 54:4–1, *et seq.*), the property of the State of New Jersey; and the property of the respective counties, school districts and taxing districts, when located therein and used for public purposes, or for the preservation or exhibit of historical data, records or property shall be exempt from taxation under this chapter, but this exemption shall not include real property bought in for debts or on foreclosure of mortgages given to secure loans out of public funds or out of money in court, which property shall be taxed unless devoted to public uses."

Landis contends that the property, used for the purpose described, is not "used for public purposes" within the meaning of this section and therefore not within the exemption.

The Division of Tax Appeals concluded that property owned by a taxing district is exempt whether or not used for public purposes. It reached that conclusion after considering the cases of *Jersey City* v. *Blum (Court of Errors and Appeals,* 1925), 101 *N. J. L.* 93; *Township of Teaneck* v. *State Board of Tax Appeals (Supreme Court,* 1933), 110 *Id.* 28; affirmed for reasons given below (*Court of Errors and Appeals,* 1933), 111 *Id.* 242; and *Essex County Park Commission* v. *State Board of Tax Appeals (Supreme Court,* 1943), 129 *Id.* 336.

The case of *Jersey City* v. *Blum* dealt with section 203 (2) of chapter 236, laws of 1918, one of the sources from which *R. S.* 54:4–3.3 was derived. The language of section 203 (2) is the same as the language of the quoted portion of *R. S.* 54:4–3.3 in so far as here pertinent. This court there held that property owned by municipal bodies may not constitutionally be classified for exemption on the basis of location. In *Township of Teaneck* v. *State Board of Tax Appeals* the Supreme Court interpreted *Jersey City* v. *Blum* to hold that section 203 (2) was invalid in its entirety so that property

of a taxing district was exempt, whether or not used for public purposes. On appeal this court affirmed for the reasons given by the Supreme Court.

The case of *Essex County Park Commission* v. *State Board of Tax Appeals* involved an assessment, for a tax year subsequent to the enactment of the Revised Statutes, levied on property acquired by the county by foreclosure. The Supreme Court upheld the assessment on the ground that the property was not "devoted to public uses" as required by the last clause of *R. S.* 54:4–3.3 quoted above. The court construed *Jersey City* v. *Blum* to invalidate only so much of section 203 (2) as provides for classification by location, that is, the phrase, "when located therein," and expressed the view that that phrase is separable from the remainder of the section. No reference was made to *Township of Teaneck* v. *State Board of Tax Appeals*.

After concluding that these decisions were in conflict, the Division of Tax Appeals followed the *Township of Teaneck case* rather than the later opinion of the Supreme Court. The Division of Tax Appeals also bottomed its result on the ground that by reason of *R. S.* 40:62–23 and *R. S.* 54:31–45, *et seq.*, the property was not subject to *ad valorem* taxation. These statutory provisions will be discussed presently.

The Supreme Court disposed of this case on the ground that property used for distribution of electricity is used for a public purpose, so that if use for a public purpose is necessary for exemption, such use, in the view of the Supreme Court, here appears.

It is our opinion that no matter what view may be taken of the issues pertaining to *R. S.* 54:4–3.3, this case is ultimately controlled by *R. S.* 40:62–23. In view of this conclusion any expression by us with respect to those issues would be *dictum*.

*R. S.* 40:62–23 provides:

"No municipality shall enter into any contract or supply any electricity, gas, steam or other product to any adjoining municipality or the inhabitants thereof, or to any county, unless such municipality, in supplying electricity, gas, steam or other products beyond its corporate limits, complies with

all laws, regulations or orders applicable to private corporations, owning or operating any electric, gas, steam or other plant, or distributing or supplying electricity, gas, steam or other product, and *unless such municipality pays taxes, including franchise licenses or taxes, the same as would be paid if such plant or equipment were owned by a private corporation,* and unless the board of public utility commissioners shall, after notice and hearing, determine and certify that such adjoining municipality or such county is not adequately and properly served by an existing company." (Italics supplied.)

This enactment plainly evinces a legislative intent that Vineland shall pay, with respect to the equipment here involved, the same "taxes, including franchise licenses and taxes" as if such equipment were owned by a private corporation. *State, Morris Canal and Banking Co., Pros.,* v. *Haight, Collector (Court of Errors and Appeals,* 1873), 36 *N. J. L.* 471. It is a "clear expression" of a legislative intent to subject the property to taxation, satisfying the rule of *Trustees of Public Schools* v. *City of Trenton (Court of Errors and Appeals,* 1879), 30 *N. J. Eq.* 667, 681, that property of municipalities is "excluded from the operation of laws imposing taxation, unless there is a clear expression of intent to include it."

The Supreme Court ruled out *R. S.* 40:62–23 saying that it is "unrelated to the field of taxation." As a matter of construction of the statutory language, we cannot agree. As we have said, the intention to subject the municipality to taxation is manifest. If the Supreme Court meant to suggest some difficulty apart from one of construction, the only possible issue which the quoted language suggests to us is whether the statute fails to satisfy the mandate of article 4, section 7, paragraph 4 of the Constitution of 1844 as amended.

The cited paragraph of the Constitution provided that "every law shall embrace but one object, and that shall be expressed in the title." *R. S.* 40:62–23 was derived from section 5 of article XXXIII of chapter 152 of the laws of 1917 entitled "An act concerning municipalities." The imposition of tax liability with respect to municipal activities

authorized by the act is germane to the broad object of the law and is embraced within its title. There is no element of deception. *Public Service Electric and Gas Co.* v. *City of Camden (Supreme Court,* 1937), 118 *N. J. L.* 245.

The cited paragraph of the Constitution further provided:

"No act shall be passed which shall provide that any existing·law, or any part thereof, shall be made or deemed a part of the act or which shall enact that any existing law, or any part thereof, shall be applicable, except by inserting it in such act."

The imposition upon municipalities of liability for taxes, to be enforced under general laws relating to the taxation of private corporations engaged in like ventures, does not offend this provision. The legislature may, by an enactment complete within itself, impose a liability or duty embraced within its title and provide for the enforcement of that liability or duty under general laws relating thereto. *Campbell* v. *Board of Pharmacy of New Jersey (Supreme Court,* 1883), 45 *N. J. L.* 241; affirmed *(Court of Errors and Appeals,* 1885), 47 *Id.* 347; *Quigley* v. *Lehigh Valley Railroad Co. (Supreme Court,* 1911), 80 *Id.* 486; *Jersey City* v. *Martin (Court of Errors and Appeals,* 1941), 127 *Id.* 18. In the last cited case, Mr. Justice Heher summarized the construction of this provision of the constitution as it has been evolved in our cases (*p.* 23):

"The cited constitutional provision interdicts the incorporation in a legislative enactment, by mere reference, of 'any existing law, or any part thereof.' This constitutes a limitation upon the exercise of the legislative power, and it is for that reason to be strictly construed. It concerns rights created and duties and burdens laid or imposed rather than their enforcement. If the reference is not to 'affect or qualify the substance of the legislation· or vary the terms of the act,' but is 'merely for the formal execution of the law,' it is not within the prohibition. The design of the limitation was 'the suppression of deceptive and fraudulent legislation, the purpose and meaning of which could not be discovered either by the legislature or the public without an examination of and a comparison with other statutes.' The intention was

not 'to obstruct or embarrass legislation,' but 'to secure a fair and intelligent exercise of the lawmaking power.' *Campbell* v. *Board of Pharmacy of New Jersey*, 45 N. J. L. 241; *affirmed, 47 Id.* 347; *Evernham* v. *Hulit*, 45 *Id.* 53; *Christie* v. *Bayonne*, 48 *Id.* 407. If the statute embody a 'complete and perfect act of legislation in itself,' it may provide for 'ancillary proceedings to accomplish the purposes expressed in the act, by a reference to general laws on the subject, without violating this constitutional provision.' *DeCamp* v. *Hibernia Railroad Co.*, 47 *Id.* 43."

The question remains whether *R. S.* 40:62–23 authorizes the assessment here levied. As stated above *R. S.* 40:62–23 was derived from chapter 152 of the laws of 1917 which was approved March 27th, 1917. At that time utility companies furnishing electricity were subject to local *ad valorem* taxation on their equipment under chapter 195, *Pamph. L.* 1900, as amended by chapter 17, *Pamph. L.* 1917, approved March 13th, 1917. By subsequent legislation beginning with chapter 25 of the laws of 1919, a tax was imposed upon the gross receipts of electric light companies using or occupying the public streets or public places, in lieu of taxation of certain property of such companies. The existing statute is *R. S.* 54:31–45, *et seq. R. S.* 54:31–47 provides:

"Street railway, traction, gas and electric light, heat and power corporations using or occupying public streets, highways, roads or other public places, and their property and franchises, shall be subject to taxation only as in this act provided. Any such corporation shall not be subject to any other taxes upon its property, franchises, stock or gross receipts, and the shares of stock of any such corporation shall not be taxed in the hands of shareholders."

By virtue of this enactment, the equipment in question, if owned by a private utility company within the act, would not be subject to local assessment. This immunity "does not constitute an exemption in the true, unqualified sense, but rather the substitution of a gross receipts tax for the local direct tax." *Jersey Central Power and Light Co.* v. *City of Asbury Park* (*Supreme Court,* 1942), 128 N. J. L. 141, 146; *affirmed* (*Court of Errors and Appeals,* 1942), 129 *Id.* 253.

The question therefore is whether the legislature intended that municipalities within the purview of *R. S.* 40:62–23 (which was derived from chapter 152, laws of 1917) shall be taxed only in the manner provided by law on March 27th, 1917, or whether it intended that such municipalities shall receive the same tax treatment as might, from time to time, be provided by law for private corporations to which they are there assimilated. We believe it clear that the latter is the true intention of the legislature and we so hold. This conclusion is fortified by *R. S.* 40:62–24 in which "Every municipality in supplying electricity  *  *  *  beyond its corporate limits is hereby declared to be a public utility," subject to the. supervision, regulation, jurisdiction and control of the Board of Public Utilities Commissioners in respect to such activity. *Whitall-Tatum Co.* v. *Vineland* (*Supreme Court*, 1925), 102 *N. J. L.* 28.

It follows therefore that the property in question was not subject to taxation by the Township of Landis. For the reasons herein expressed, the judgment under review is affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, BODINE, HEHER, WACHENFELD, BURLING, WELLS, DILL, FREUND, McLEAN, SCHETTINO, JJ. 11.

*For reversal*—None.