The question for decision is whether an airport, belonging to the Town of Morristown but located in the Township of Hanover, was subject to taxation in the years 1945, 1946 and 1947. In the absence of a clear expression of a legislative purpose that property of the State, or its political subdivisions shall be taxed, such property is excluded from the operation of general tax statutes. Under our present law, property of a municipality which is not "used for public purposes or for the preservation or exhibit of historical data, records or property" is taxable; but (subject to certain exceptions) property which is so used is exempt from taxation whether located within or without the municipality. R.S. 54:4-3.3. Essex County Park Commission v.West Orange, 77 N.J.L. 575 (E. A. 1908); Jersey City v.Blum, 101 N.J.L. 93 (E. A. 1924); Teaneck v. StateBoard, 110 N.J.L. 28; affirmed, 111 Id. 242 (1933); LandisTownship v. Division of Tax Appeals, 136 N.J.L. 310; affirmed,137 Id. 224 (1948). While an exemption from taxation granted to a private institution is strictly construed, the contrary is true of the exemption held by political bodies, since the latter are not taxed in a doubtful case. So the phrase "used for public purposes" should be liberally construed; it probably includes any municipal enterprise which the legislature has authorized. An airport is clearly a public purpose. R.S. 40:8-1, etc. The circumstance that Morristown leases hangar space and the right to service airplanes at the airport, and the fact that the town has conducted the enterprise at a small profit, do not detract from the public character of the airport.
Appellant contends that when the airport was established by Morristown and during the years 1945, 1946 and 1947, a municipality was authorized to construct or to maintain *Page 25 
an airport only within its own borders. But it is our view thatR.S. 40:8-1 and P.L. 1941, c. 11, which is the statute under which Morristown acted in the final stages of the development of the airport, allow the construction and operation of a municipal airport outside of the bounds of the municipality. Hanover further urges that the land used for the airport is also held and used "for the purpose and for the protection of a public water supply" and is subject to taxation under 54:4-3.3. While the airport adjoins a tract of 29 acres on which are springs and wells, the source of the Morristown water supply, no part of the airport land is used or usable for water purposes either as a protection against pollution or as a source of water. Such is the uncontradicted evidence.
We affirm the judgment of the Division of Tax Appeals that the airport is not subject to local taxation.