HOPKINS, J.T.C.
The parties have filed a motion and cross-motion for summary judgment to determine whether certain properties acquired by plaintiff were exempt from local property taxes immediately upon acquisition in May and June 1988. Since there are no genuine issues of material fact, the matter is ripe for summary judgment.
Plaintiff, Hudson County Improvement Authority (HCIA), a body politic and corporate under the laws of the State of New Jersey, has its offices in Jersey City, New Jersey. It was created by the Hudson County Board of Chosen Freeholders on September 25, 1974, under the provisions of the County Improvement Authorities Act. On November 18, 1985, it was designated as the implementing agency of the Hudson County solid waste management plan. N.J.S.A. 13:1E-1 et seq. In 1988, pursuant to that mandate, HCIA acquired certain properties located in the taxing district of Kearny.
The following shows the dates of acquisition, block and lot numbers, and identity of the acquired parcels.
Date of Acquisition . Lot/Block Identity of Parcel
5/25/88 Lot 26, 32, 55, 61B Conrail Block 287
6/26/88 Lot 54, 56, 60, 62 Koppers Site 62R, 70, 70R, 73, 80 Block 287
Lot 61C Block 287 6/2/88 Hudson/Warren parcel
*591 On September 1, 1988, HCIA formally notified Kearny of the aforementioned property acquisitions; requested that they be removed from the tax rolls; and that any taxes previously paid through the end of the second quarter of 1988 be refunded to it. Kearny’s position is that HCIA is responsible for the payment of all 1988 local property taxes on those properties which had not been exempt prior to HCIA’s purchase. HCIA then commenced this action to establish whether its exemption from local property taxes on the acquired properties was effective immediately upon acquisition.
There is no dispute as to HCIA’s right to have its property exempt from local property taxes. The only issue is the effective date of the exemption. The statutory provisions applicable to HCIA are as follow:
N.J.S.A. 40:37A-55. Body politic and corporate; powers and duties.
Every authority shall be a public body politic and corporate constituting a political subdivision of the State established as an instrumentality exercising public and essential governmental functions to provide for the public convenience, benefit and welfare and shall have perpetual succession and, for the effectuation of its purposes, have the following additional powers____
N.J.S.A. 40:37A-85. Tax exemptions.
All properties of an authority are hereby declared to be public property of a political subdivision of the State and those properties, and all public facilities, whether or not owned by the authority, are devoted to the essential public and governmental function and purpose and shall be exempt from all taxes and special assessments of the state and any subdivision thereof____
NJ.S.A. 40:37A-126. Tax exemptions____
All property of the authority is hereby declared to be public property devoted to an essential public and governmental function and purpose and shall be exempt from all taxes and special assessments of the state and any subdivision thereof.... [N.J.S.A. 40:37A-126]
Generally, exemptions from local property taxation are strictly construed. Egg Harbor City v. Atlantic Cty., 10 N.J.Tax 7 (Tax Ct.1988); B.P.U.M. Dev. and Urb. Renewal v. Camden, 9 N.J.Tax 490 (Tax Ct.1988). Exemptions, however, favoring governmental agencies are liberally construed. Wal *592 ter Reade, Inc. v. Dennis Tp., 36 N.J. 435, 440, 177 A.2d 752 (1962); Hanover Tp. v. Morristown, 4 N.J.Super. 22, 66 A.2d 187 (App.Div.1949). Further, such exemptions for local property tax purposes are determined as of October 1 of the pretax year, unless the Legislature has specifically provided otherwise. Atlantic Cty. New School, Inc. v. Pleasantville, 2 N.J.Tax 192 (Tax Ct.1981) and Emanuel Missionary Baptist Church v. Newark, 1 N.J.Tax 264 (Tax Ct.1980). Here, HCIA contends that the County Improvement Authorities Act, as specifically provided in N.J.S.A. 40:37A-90, requires a liberal construction and such construction should recognize its right to an immediate exemption on acquisition.
HCIA does recognize the import of the Supreme Court’s holding in East Orange v. Palmer, 47 N.J. 307, 220 A.2d 679 (1966), which concluded that the exemptions granted to the State and the New Jersey Highway Authority were effective as of the next assessment date, rather than the date on which the governmental entity acquired title. HCIA also recognizes that presently, by statute, property owned by the State, state agencies, or by an authority created by the State, are not exempt immediately upon acquisition. See 54:4-3.3a, which reads:
Real property acquired by the State or by a State agency, or by an authority created by the State, shall not be exempt from taxation during the period or periods following such acquisition, as prescribed in this act.
N.J.S.A. 54:4-3.3b then provides that the exemption shall become effective on January 1 of the calendar year next following the date of acquisition or, in the event of an acquisition between January 1 and January 10, inclusive, with notice to the assessor before January 10, the property is exempt upon acquisition.
HCIA, contending that neither the principles expressed in East Orange v. Palmer nor N.J.S.A. 54:4-3.3 are applicable, relies upon the case of Twp. of Springfield v. Union County Park Commission, 163 N.J.Super. 332, 394 A.2d 907 (Law Div.1978), wherein the court held that the Union County Park Commission was not a state agency or authority within the meaning of N.J.S.A. 54:4-3.3a et seq. and, as such, not covered by the statute. That court then held that the park commission *593 was entitled to have the real property which it had acquired exempted from local property tax as of the date of the acquisition.
Both parties have accepted the proposition that HCIA, while created pursuant to statutory authority granted to the Hudson County Board of Chosen Freeholders, was created by the freeholders rather than the State for the purposes of N.J.S.A. 54:4-3.3a.
In order to determine the precedent to be accorded to the Springfield case, upon which HCIA relies, it must be analyzed in the context of East Orange v. Palmer, supra, and the legislative history of N.J.S.A. 54:4-3.3 et seq.
The East Orange case involved the identical issue before this court, i.e., whether the exemption granted to the State or to the New Jersey Highway Authority commenced immediately upon acquisition or should await the commencement of the new tax year. Subsequent to the East Orange opinion, N.J.S.A. 54:4-3.-3a et seq. were enacted.
In claiming immediate exemption upon acquisition, the State, in East Orange v. Palmer, relied upon N.J.S.A. 54:4-2.1, -2.2 and -3.3. N.J.S.A. 54:4-2.1, in pertinent part, provided for limited taxation of state properties. N.J.S.A. 54:4-2.2 exempted the State from the provisions of N.J.S.A. 54:4-2.1 for various types of real property, including that used for highways. The language used was that “no taxation shall be made under said section 54:4-2.1 of ... lands held for highway, bridge or tunnel purposes.” Also relied upon by the State was N.J.S.A. 54:4-3.-3, which provided that “the property of the State of New Jersey ... shall be exempt from taxation under this chapter.” The State further sought support of its contention of immediate exemption in N.J.S.A. 54:4-56, which provided:
Upon the sale and transfer for a valuable consideration or the acquisition through eminent domain or similar proceedings of any real estate in this state, unless otherwise provided in a written agreement between the seller and purchaser or the parties in said proceedings or unless otherwise expressly stipulated, the seller or owner of property to be acquired shall be liable for the payment of such proportion of the taxes for the current year upon the property to be conveyed or so acquired as the time between the previous January first *594 and the date of the delivery of the deed by the seller to the purchaser or the date the condemning body acquired its title bears to a full calendar year. If the amount of the taxes for the current year shall not have been determined at the time of delivery of the deed of conveyance or the taking of its title by the condemning body, the amount of the taxes last previously assessed against such real estate shall be used as the basis for computing the apportionment herein provided.
The highway authority relied upon N.J.S.A. 27:12B-16, which provided, in pertinent part, that its property:
... shall not be required to pay any taxes or assessments upon any project or any property acquired or used by the Authority under the provisions of this act ... and any property acquired or used by the Authority under the provisions of this act or upon the income therefrom, and every project and any property acquired or used by the Authority ... shall be exempt from taxation.
All of the above quotations from the various exemption statutes analyzed in East Orange v. Palmer had a similar omission. They provided for exemption without detailing when the exemption would occur if the acquisition was made during a tax year. The Supreme Court’s detailed analysis of the background of local property taxation recognized the reliance of municipalities upon the tax ratables as of the assessment date in preparing their budgets. The Court also recognized that local property taxes constituted a lien as of January 1 of the tax year, even though the amount of such tax had not been ascertained as of that date. The county budget, which is satisfied by levies upon properties located in the municipal taxing districts, could also be affected by the mid-year exemption of a property. After analyzing all aspects of the question, our Supreme Court held that the exemption did not become effective until after the October 1 assessing date of the year of acquisition. In so doing, it stated:
Therefore we conclude that there is nothing in present legislation or case law interpreting it which indicates a legislative intent that tax exemption shall take effect at the moment of acquisition. On the contrary, it is our conviction that the tax and local finance structure establishes the intention that liability should remain for the balance of the tax year regardless of whether the acquisition is by conveyance or condemnation, but that it should not be imposed upon the former owner. [47 N.J. at 326, 327, 220 A.2d 679]
The above principle, as well as the failure of HCIA’s exemption statute to specifically provide for exemption on acquisition, leads to the conclusion that the reasoning in the East Orange v. *595 Palmer holding is controlling absent a statutory change enacted subsequent to such opinion.
In order to determine the impact of Springfield v. Union Cty. Park Commission, supra, upon the issue here presented, the reasoning in the case must be examined. Basically, it was the same issue as presented here. The statute involved was N.J.S.A. 40:37-101, entitled: Establishment and Location of Parks; Acquisition of Property; Rules and Regulations. It read as follows:
The commission may acquire, maintain and make available to the inhabitants of the county wherein it is appointed, and to the public, parks and open spaces for public resort and recreation ... The real estate so taken, and all buildings and improvements which may be placed thereon shall be exempt from all taxes, assessments and municipal liens. [Emphasis supplied]
The Springfield court was fully aware of the Supreme Court’s opinion in East Orange v. Palmer. It also concluded that the Legislature was aware of the East Orange v. Palmer ruling and, accordingly, did not have to adopt the provisions of N.J.S.A. 54:4-3.3a and -3.3b, unless it was for a specific purpose. It then determined that the intent of such legislation was to limit the reasoning of East Orange v. Palmer to local real property acquired by the governmental agencies designated and not to apply such reasoning to local park commissions, a county or municipality. In so doing, it necessarily concluded that contrary to the language of the statutes at issue in East Orange v. Palmer, the statute granting exemption to local park commissions contained language evidencing an intent to grant immediate exemption upon acquisition. It then concluded that since the provisions of N.J.S.A. 54:4-3.3a et seq. specifically applied to the State, state agencies and authorities created by the State, it did not apply to other entities enjoying local property tax exemptions, i.e., park commissions. It further stated that if one were to conclude that the provisions of N.J.S.A. 54:4-3.3a were construed to include a park commission within the definition of “agency or authority,” that the statute itself provided that in cases of conflict with the provisions of another act, the basic exemption would control. Holding that the county commission exemption statute was paramount under *596 such provision in the new legislation, the court then held that the county park commission exemption statute specifically granted exemption upon acquisition and that neither the reasoning of East Orange v. Palmer nor the application of N.J.S.A. 54:4-3.3a et seq. affected such exemption upon acquisition.
This court cannot agree with the analysis since a reading of the county commission exemption statutes shows that it had the same deficiency as the exemption statutes discussed in East Orange v. Palmer. It did not specifically state that it applied immediately upon acquisition. It was that deficiency that was the subject of the extended discussion in East Orange v. Palmer, wherein our Supreme Court, in recognition of the needs of the taxing district in which the property was located, held that the exemption would not come into being until the next October 1 assessing date. Indeed, it did not go beyond that holding since the properties there acquired were acquired prior to the October 1 assessing date and it did not deem it necessary, at that time, to pass upon situations where the property was acquired between October 1 and the end of the calendar year. This latter point was clarified in the statutory enactment of the judicial conclusion reached in East Orange v. Palmer, i.e., N.J.S.A. 54:4-3.3a et seq.
The legislative history of N.J.S.A. 54:4-3.3a et seq. shows that as originally passed by the Legislature, Senate Bill 124 contained provisions which would codify the East Orange v. Palmer judicial construction of the statute and also provided that the exemption for the state, a state agency or an authority created by the state, would be delayed for the year following acquisition if the acquisition was effected between October 1 and January 1 of the following year. It was for this purpose that Governor Cahill, pursuant to his constitutional authority, returned the bill to the Senate with the recommendation that it be revised to preclude it from going beyond the holding of East Orange v. Palmer. His message contained the following provisions:
*597 This bill would establish the effective date of exemption from real estate taxation of lands acquired by the State, a State agency or an authority created by the State.
As enacted it goes beyond the holding of East Orange v. Palmer, 47 N.J. 307 [220 A.2d 679] (1966), and in so doing obligates the State to pay an additional year of taxes on real property acquired after October 1st of any year.
In view of the potential cost impact of this bill to government at all levels, I recommend amendments to provide for exemption so long as the Tax Assessor is notified before the closing of his rolls which occurs on January 10th each year. These amendments would assure that the bill would be consistent with East Orange v. Palmer, supra. Section 6 should be eliminated since the subject of condemnation generally, including the specific subject matter of Section 6, has been dealt with in separate legislation, Assembly Bill No. 504.
The bill, as finally enacted, restricted itself to approving the principle enunciated in East Orange v. Palmer, together with specifically providing that with respect to the governmental agencies there involved, the exemption would also be delayed beyond the October 1 date of the year of acquisition to the end of the year and, further, that if property were acquired prior to January 10 of the tax year and notice was given to the assessor of such acquisition, the property would be exempt as of the date of acquisition.
The statute not only codified the holding of East Orange v. Palmer but also extended that holding to the area where the Supreme Court concluded it was unnecessary to go in reaching its decision.
Upon review of the above, particularly comparing the pertinent portions of the county park exemptions statute interpreted in the Springfield case, I cannot accept the proposition that the reasoning for restricting such exemptions to the year subsequent to the year of acquisition, as so detailed in the East Orange v. Palmer opinion, is not also applicable to other exemption statutes granted to governmental agencies.
The HCIA exemption statute does not contain any specific authority for the immediate implementation of its exemption upon acquisition. Accordingly, it is governed by the principles set out in East Orange v. Palmer. Further, N.J.S.A. 54:4-3.3b et seq. cannot be construed in any manner to restrict the East Orange v. Palmer principles to the specific governmental enti *598 ties involved; Rather, the principles enunciated were general principles applicable to all exemptions, and N.J.S.A. 54:4-3.3b et seq. are in accord with these principles.
Since the exemption statute enjoyed by HCIA does not specifically provide for immediate exemption upon acquisition, it must be construed pursuant to the East Orange v. Palmer principles. Those principles require a finding that the subject properties are not exempt pursuant to HCIA’s exempt status until the 1989 tax year.
Defendant’s motion for summary judgment is granted.