583 A.2d 370

HUDSON COUNTY IMPROVEMENT AUTHORITY, A BODY POLITIC AND CORPORATE OF THE STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v. THE TOWN OF KEARNY, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted October 16, 1990—Decided November 26, 1990.

Before Judges O'BRIEN, SCALERA and KEEFE.

*DeCottiis & Pinto,* attorneys for appellant (*Sheldon L. Cohen,* on the brief).

*Norman A. Doyle, Jr.,* attorney for respondent.

The opinion of the court was delivered by

O'BRIEN, J.A.D.

Hudson County Improvement Authority (Authority) appeals from a summary judgment entered by the Tax Court in favor of defendant Town of Kearny (Kearny). We affirm.

Both parties agree that the issue presented is a matter of law and was appropriately decided by summary judgment. The Authority acquired property in Kearny between May 18 and June 26, 1988, some of which was not tax exempt at the time of acquisition. Kearny concedes that properties owned by the Authority are tax exempt pursuant to *N.J.S.A.* 40:37A–85, but argues that such exemption did not take effect until January 1, 1989, and not on the date of acquisition as argued by the Authority. The Tax Court concluded, by applying the reasoning of the Supreme Court in *East Orange v. Palmer,* 47 *N.J.* 307, 220 *A.*2d 679 (1966), that Kearny was correct and the tax exemption did not take place until January 1, 1989. We agree.

We affirm substantially for the reasons given by Judge John J. Hopkins in his opinion which is reported at 10 *N.J.Tax* 589 (1989). We add some comments.

We recognize that county improvement authorities are created by the governing body of a county, *N.J.S.A.* 40:37A–46, and probably are neither a state agency, nor an authority created by the State within the intendment of *N.J.S.A.* 54:4–3.-3a.[1] The Law Division in *Township of Springfield v. Union*

---

[1] We note, however, the State has pledged and covenanted with bondholders that it will not limit or alter the rights or powers vested in the Authority by the statute to perform its agreement with the holders of such bonds, bond anticipation notes, and the like. The Authority is authorized to include that pledge and agreement of the State in any agreement with the holders of bonds, bond anticipation notes, and other notes or obligations issued by the Authority, *N.J.S.A.* 40:37A–127, which are "declared to be issued by a body corporate and public of this State ... and the interest thereon and income therefrom, ...

*Cty. Park Comm.*, 163 *N.J.Super.* 332, 394 *A.*2d 907 (Law Div.1978), reached that conclusion with respect to property acquired by a local park commission. However, we refuse to adopt the reasoning of the *Springfield* court as urged by the Authority in this case.

We agree with Judge Hopkins that the enactment of *N.J.S.A.* 54:4–3.3a, limiting its application to real property acquired by "the state or by a state agency or by an authority created by the state," did not preclude application of the principles of *East Orange v. Palmer* to tax exemptions for real property acquired by agencies other than the state, a state agency or an authority created by the state, such as the Authority in this case.

It appears to us that the reasoning of the Supreme Court in *East Orange v. Palmer* is equally applicable to this case. The statute exempting highway property from taxation (*N.J.S.A.* 54:4–2.2) [2] construed in *Palmer*, like *N.J.S.A.* 40:37A–85 in the present case, did not provide whether the exemption took effect on acquisition or January 1 of the next year. In *Palmer*, the Court said:

> But more important, to relieve property which becomes exempt in mid-stream from the taxes for the balance of the year, at least where the acquisition is by an entity other than the municipality itself or a coterminous taxing district, would put the burden represented by those taxes solely on those who own property in the municipality rather than on all those in the larger area sharing in the public benefit ... as would be the case if the acquiring public entity were

---

shall at all times be exempt from taxation except for transfer, inheritance and estate taxes." *N.J.S.A.* 40:37A–126.

[2] *N.J.S.A.* 54:4–2.2, repealed by *L.*1977, *c.* 272, § 12, read as follows:

*Certain lands unaffected by section 54:4–2.1.* The provisions of section 54:4–2.1 of this title shall in no way affect the provisions of article 1 of chapter 8 of the title Conservation and Development—Parks and Reservations (§ 13:8–1 et seq.), or sections 54:4–5 or 54:4–6 of this title; and no taxation of lands mentioned in said article 1 of chapter 8 or in said sections 54:4–5 or 54:4–6 shall be made under the provisions of said section 54:4–2.i, and no taxation shall be made under said section 54:4–2.1, of state forests, state parks, riparian lands, lands held by the state board of proprietors or lands held for highway, bridge or tunnel purposes.

held responsible for the remaining taxes as part of the cost of acquisition. Conversely, even if the acquisition were by the municipality or a coterminous taxing district, cancellation of tax liability for the balance of the year can, to some extent at least, deprive other taxing entities, for which the municipality is the collector, of the timely availability of their shares of such taxes and thus impose the burden of a purely local acquisition upon the people of a larger, non-benefiting area.

[*East Orange v. Palmer*, 47 *N.J.* at 319, 220 *A.2d* 679]

Applying those principles to this case, Kearny would be deprived of the tax revenue on the property involved for one-half of the year 1989 on property to be used as a resource recovery facility for the entire county. Thus, the taxpayers of Kearny would be obliged to underwrite the lost taxes for that one-half year instead of that expense being borne by all of the taxpayers of the county of Hudson who will benefit from the resource recovery facility.

*Affirmed.*