LASSER, P.J.T.C.
Moms County Municipal Utility Authority (MUA) seeks exemption from 1993 local property tax for a 671.21 acre parcel of land on Washington Valley Road in Morris Township, shown on the tax map as Block 313, Lot 1, on the ground that it is property of a municipal utilities authority exempt from local property tax pursuant to N.J.S.A. 40:14B-63. The subject property is assessed as property used for the purpose and for the protection of the public water supply under N.J.S.A. 54:4-3.3.
The 1993 local property tax assessment in issue is:
Land $6,500,000
Improvements —
Total $6,500,000
MUA does not dispute the amount of assessment. Property tax exemption only is sought. The issue is before the court on cross motions for summary judgment.
*69 /
The undisputed facts are: MUA was created on September 24, 1958, under the provisions of the Municipal and County Utilities Authorities Law, N.J.S.A 40:14B-1 to 70. The resolution creating the authority (the Resolution) stated the purposes of the authority as follows:
(1) the provision and distribution of an adequate supply of water for the public and private uses of the inhabitants of the County and (2) the relief of waters in and bordering the State from pollution arising from causes within the County and the relief of waters in, bordering or entering the County from pollution or threatened pollution, and the consequent improvement of conditions affecting the public health, which Municipal Utilities Authority shall be authorized to investigate and study the means and methods whereby the existing inadequate supply of water and polluted conditions may be abated and thereafter to acquire, lease, construct, maintain, operate and use such reservoirs, basins, dams, canals, aqueducts, standpipes, conduits, pipelines, mains, pumping and ventilating stations, treatment, purification and filtration plants or works, trunk, intercepting and outlet sewer water distribution systems, waterworks, sources of water supply and wells, for the providing of and distribution of an adequate supply of water, and for the collection, treatment, purification or disposal of sewage and other wastes[J
The purposes described in the Resolution are within those authorized in N.J.SA 40:14B-19(a).
MUA acquired the subject property between 1967 and 1984. On September 14, 1992, MUA granted an open space easement over the subject property to Morris County. The Deed of Easement (the Easement) states “[MUA] acquired the [subject] Property for the future development thereof in connection with the provision of potable water pursuant to N.J.S.A. 40:14B-1 et seq.” Under the terms of the Easement, MUA reserved the right to “extract, remove, pump and store” water in, upon and throughout the property and to install and operate “such works, wells, pipelines and other facilities, as shall be useful and convenient in the development of its Water System, as defined in N.J.SA 40:14B-3(8).”
MUA has drilled fifteen exploratory wells on the subject property to identify potential subsurface water supply. The Executive Director of MUA states, in his affidavit, “[t]he identified water resources in regard to the subject property are being held in reserve for potential use sometime in the future.” As of the *70 October 1, 1992 assessing date, MUA did not have a water allocation permit for the subject property from the New Jersey Department of Environmental Protection and Energy and, without this permit, is unable to develop the property’s water resources for distribution. MUA cannot obtain such a permit until it can demonstrate there is sufficient customer demand for water.
On October 28,1992, MUA filed an “Initial Statement” with the Morris Township assessor seeking property tax exemption for the subject property. By letter of December 3,1992, the tax assessor denied the requested exemption.
MUA contends that the subject property is vacant land which has not been put to any use. It states that MUA has considered the subject property as a potential location for a reservoir or other water production and storage facilities, but has not implemented any of these alternatives. MUA maintains that the subject property is exempt under N.J.S.A. 40.-14B-63 which provides:
Every utility system and all other property of a municipal authority are hereby declared to be public property of a political subdivision of the State and devoted to an essential public and governmental function and purpose and, other than lands subject to assessment and taxation pursuant to Revised Statutes 54:4-3.3, shall be exempt from all taxes and special assessments of the State or any subdivision thereof.
Moms Township contends that the property is subject to taxation under N.J.S.A. 54:4-3.3 because it is used for the protection of a public water supply. N.J.S.A. 54:4-3.3 in pertinent part states:
The lands of counties, municipalities, and other municipal and public agencies of this State used for the purpose and for the protection of a public water supply shall be subject to taxation by the respective taxing districts where situated, at the taxable value thereof, without regard to any buildings or other improvements thereon, in the same manner and to the same extent as the lands of private persons, but all other property so used shall be exempt from taxation.
[emphasis added].

II

Tax exemptions are based on the property’s use and not the personal status of the owner. N.J. Turnpike Auth. v. Washington Tp., 16 N.J. 38, 44-45, 106 A.2d 4 (1954), (quoting Tippett *71 v. McGrath, 70 N.J.L. 110, 113, 56 A. 134 (Sup.Ct.1903), aff'd 71 N.J.L. 338, 59 A. 1118 (E. & A.1904)) (citations omitted). Exemption under N.J.SA 40:14B-63 requires both public ownership and use for a public purpose. Chief Justice Vanderbilt in N.J. Turnpike Auth. stated:
The permanent taking of private property can be justified only if in the public interest and for the purposes specified in the enabling act. Were the rule otherwise, in these days of expanding governmental activities the amount of property remaining in private hands would be uselessly diminished, adversely affecting the taxing power of the State, which necessarily depends in large measure on the amount of private property available for taxation---- A fortiori vacant land, as here, not now in the public use or presently intended for public use is taxable even when owned by bodies having a right to tax exemption with respect to property used for an appropriate purpose.
[ 16 N.J. at 43-44, 106 A2d 4. ]
The exemption for utility system property under N.J.S.A 40:14B-63 is limited to property used for a public purpose and does not extend to property that MUA contends is not put to any use.
This statute requires the land to be “devoted to an essential public and governmental function and purpose.” If the statute granted exemption solely on the basis of ownership it would be violative of Article VIII, Sec. I., par. 1 of the New Jersey Constitution. N.J. Turnpike Auth., supra, 16 N.J. at 44-45, 106 A.2d 4. N.J.S.A. 40:14B-63 does not grant exemption to MUA by reason of its ownership of property if that property is not put to any use by MUA Therefore, MUA is not entitled to exemption under N.J.S.A 40:14B-63 solely by reason of its ownership of the property.

Ill

Watershed land subject to taxation under N.J.SA 54:4-3.3 is excepted from the N.J.S.A 40:14B-63 exemption. Exemption is denied under N.J.SA 54:4-3.3 if the land is “used for the purpose and for the protection of a public water supply.” MUA is authorized to acquire and hold property for public water supply purposes. The subject property was acquired for this purpose and is *72 being held in reserve for potential public water supply use in the future.
MUA has been granted the power, under N.J.S.A 40:14B-20(5), to acquire real property “necessary or useful and convenient for the purposes of the municipal authority, ... and to use the same, and to dispose of property so acquired no longer necessary for the purposes of the municipal authority.” The Resolution coupled with the powers granted under N.J.S.A 40:14B-20, does not grant MUA the authority to purchase land for any purpose other than the public water supply or for collection, treatment and disposal of sewage. There is no evidence that the subject property was acquired or is held for sewage purposes. Therefore, the purpose of the subject property is either for the protection of public water supply, and thus not exempt pursuant to N.J.S.A 54:4-3.3, or is for a purpose which is an unauthorized use, and is thus denied exemption pursuant to N.J. Turnpike Auth. v. Washington Tp., supra, and Moonachie v. Port of N.Y. Auth., 38 N.J. 414, 425-27, 185 A. 2d 207 (1962).
MUA argues that Hanover Tp. v. Morristown Town, 4 N.J.Super., 22, 66 A.2d 187 (App.Div.1949) requires a ruling that the subject property is exempt. MUA’s reliance on Hanover Tp. v. Morristown Town is misplaced. That ease held that land owned by Morristown, at Morristown Airport, was not subject to tax because it was land used for a public purpose, a municipal airport. The court found that “no part of the airport land is used or usable for water purposes either as a protection against pollution or as a source of water,” even though the tract of land was adjacent to land used for that purpose. Id. at 25, 66 A.2d 187.
In this case, MUA purchased the subject property for future development as a water supply and is holding it for this use pursuant to its statutory authority to acquire land for protection and development of the public water supply. MUA expressed this intent in the Easement stating that “[MUA] acquired the [subject] Property for the future development thereof in connection with the provision of potable water.” MUA argues that the subject property only has a potential use as land held for the purpose or *73 protection of the public water supply, not an actual use. Given the wording of the Easement, MUA’s water testing activities and the limited authority of MUA to hold lands for the purpose of protecting the public water supply, I find that the actual use, not potential use, of the subject property is for the purpose and for the protection of a public water supply.
Morris Township argues, and I agree, that the Municipal and County Utilities Authorities Law is not so broad as to authorize municipal authorities to act as land banks holding land for any purpose.
Exemptions favoring public entities should be construed liberally. Newark v. Essex County Bd. of Taxation, 103 N.J.Super. 41, 53-54, 246 A.2d 509 (Law Div.1968), modified on other grounds 54 N.J. 171, 254 A.2d 513, cert. denied 396 U.S. 987, 90 S.Ct. 483, 24 L.Ed.2d 452. A liberal construction of N.J.S.A. 40:14B-63 and N.J.S.A 54:4r-3.3 cannot overcome the fact that MUA’s authority to acquire and hold land must be for an authorized purpose. In this case, the authorized purpose is to hold and protect the subject property for future development as a water supply, a use which is taxable under N.J.S.A 54:4-3.3.
I find the subject property is land held pursuant to N.J.S.A. 54:4r-3.3 and thus is not entitled to exemption from local property tax. The motion of Morris Township is granted and the motion of MUA is denied. Judgment will be entered affirming the 1993 local property tax assessment.