MENYUK, J.T.C.
This matter comes before the court on the motion of defendant Ewing Township (Ewing) to dismiss the complaint on the ground that plaintiff City of Trenton (Trenton) failed to pay taxes as required by N.J.S.A. 54:51A-1b. Trenton opposes the motion. It relies upon N.J.S.A. 54:51A-3, which exempts a taxpayer from the tax payment requirements of N.J.S.A. 54:51A-1b when the tax appeal is premised upon a claim that the subject property is exempt from taxation. In response, Ewing effectively moves for summary judgment on the issue of Trenton’s entitlement to exemption, contending that Trenton did not acquire the subject property until after October 1, 2005, the valuation date for tax year 2006, and therefore is not eligible for exemption. For the following reasons, I will not grant Ewing’s motion.
I find the facts as follows. The property that is the subject of this appeal is identified as Block 21.01, Lot 59, on the tax map of Ewing. It is also known as 1490 Prospect Street. Trenton took title to the subject property on November 8, 2005. It is not known why Trenton acquired the property or how the property is used. The property was assessed for tax year 2006 as follows:
Land $ 323,800
Improvements 1,533,700
Total $1,857,500
Trenton appealed the assessment to the Mercer County Board of Taxation (the “Board”). Its petition sought a reduced assessment and also claimed that Trenton was an exempt entity. By judgment mailed on July 14, 2006, the Board affirmed the assessment, using judgment code 2B, “presumption of correctness not overturned.” It is unknown whether the Board considered Trenton’s claim of exemption.
Trenton timely appealed the judgment to the Tax Court on August 11, 2006. See N.J.S.A. 54:51A-9a; R. 8:4-1(a)(2) (both requiring filing of a complaint to review a judgment of a county board of taxation within 45 days of service of the judgment). As *297 of August 1, 2006, Trenton owed $19,903.85 for the third quarter installment of property taxes for the subject property.
N.J.S.A. 54:51A-1b provides:
At the time that a complaint has been filed with the Tax Court seeking review of judgment of county tax boards, all taxes or any installments thereof then due and payable for the year for which review is sought must have been paid. Notwithstanding the foregoing, the Tax Court may relax the tax payment requirement and fix such terms of payments as the interests of justice may require.
Trenton does not dispute that the taxes due on August 1, 2006 have not been paid or that N.J.S.A. 54:51A-1b would be applicable to it but for the provisions of N.J.S.A. 54:51A-3, which provides in relevant part that “Classes 15A, B, C, D, E and F (Exempt Property as defined in R.S.54:4-52) in appeal where a statutory qualification is the subject of the appeal are exempt from those provisions contained in subsection b. of R.S.54:51A-1.”
Trenton concedes that a taxpayer may not avoid paying the taxes required by N.J.S.A. 54:51A-1b based on an “empty claim of exemption,” but contends that it is plainly entitled to exemption pursuant to N.J.S.A. 54:4-3.3, which, among other things, exempts the property of taxing districts used for public purposes. As pointed out by Ewing, however, the law is well settled that entitlement to exemption is determined as of October 1 of the pretax year. See Atlantic County New School, Inc. v. City of Pleasantville, 2 N.J.Tax 192, 195-196 (Tax 1981) (citing numerous cases supporting the principle that questions of exemption or valuation are determined as of the assessing date, October 1 of the pretax year, unless the Legislature has specifically provided otherwise).
Trenton argues that the Legislature has provided otherwise. N.J.S.A. 54:4-3.3b provides:
Where real property is acquired by the State or by a State agency, or by an authority created by the Slate, by purchase, condemnation or otherwise, such property shall become tax exempt on January 1 of the calendar year next following the date of acquisition, provided that the tax assessor of the municipality in which such property is located is given written notice of the acquisition by certified mail on or before January 10 of said calendar year next following; provided further that if real property is acquired between January 1 and January 10 inclusive and the prescribed notice is given on or before January 10, such real property shall become tax exempt as of the date of acquisition.
*298 N.J.S.A. 54:4-3.3b is a section of L. 1971, c. 370, which was enacted following the New Jersey Supreme Court’s decision in City of East Orange v. Palmer, 47 N.J. 307, 220 A.2d 679 (1966). At issue in that ease was whether property acquired by the state became exempt from the date of acquisition, or whether the property was taxable for the remainder of the tax year, notwithstanding the state’s general exemption from local property taxes. The Court recognized the tension between the state’s sovereign immunity from taxation and the burden placed on the remaining taxpayers of a municipality for tax revenues lost mid-year because of the state’s acquisition of property. Id. at 318-19, 220 A.2d 679. The Court concluded that the tax and local finance structui’e indicated a legislative intent that liability for taxes should remain with the state for the balance of the tax year.
Trenton is not the state, a state agency or state authority to which N.J.S.A. 54:4-3.3b is directly applicable. At least one case has held, however, that the enactment of L. 1971, c. 370, does not preclude application of the principles set forth in City of East Orange v. Palmer to tax exemptions for real property acquired by agencies other than the state, a state agency or a state authority. See Hudson County Improvement Auth. v. Kearny, 10 N.J.Tax 589 (Tax 1989), aff'd 244 N.J.Stuper. 619, 583 A.2d 370 (App.Div. 1990) (denying an exemption for the remainder of the tax year when the property was acquired in May and June of the tax year). But see Township of Springfield v. Union County Park Comm’n, 163 N.J.Super. 332, 394 A.2d 907 (Law Div.1978) (determining that N.J.S.A. 54:4-3.3a and 54:4-3.3b were inapplicable to a county commission because it was not a state agency, and that the county commission was immune from taxation as of the date of its acquisition of the property).
This case does not involve a claim that the property was exempt as of the date of acquisition. Trenton has no sovereign immunity from taxation. In other words, this case does not implicate the issues decided by the Court in City of East Orange v. Palmer. N.J.S.A. 54:4-3.3b makes no mention of municipalities, and there is no indication of a legislative intent to go beyond the issue of the liability of the state, its agencies and authorities for local property *299 taxes upon the acquisition of retd property, and to erode the principle that entitlement to exemption is established as of the valuation date of October 1 of the pretax year.
As noted in Hudson County Improvement Auth., supra the legislative history of L. 1971, c. 370 indicates that an earlier version of the bill would have delayed exemption for the state for the year following acquisition if the acquisition took place between October 1 and January 1. Hudson County Improvement Auth., supra, 10 N.J.Tax at 596. In other words, the original bill would have followed the well-settled law that entitlement to exemption is determined as of October 1 of the pretax year. Governor Cahill returned the bill to the Senate with the recommendation that it be revised to preclude it from going beyond the holding of East Orange v. Palmer, because of the potential cost to the state. Id. at 596-97. There is no indication, however, that as finally enacted, N.J.S.A. 54:4-3.3b was intended to expand the exemption for entities other than those specifically enumerated in the statute, when property is acquired after the valuation date of the pretax year. I therefore conclude that, because Trenton did not acquire the property until November 2005, it is not eligible for exemption for tax year 2006.
The exemption provided by N.J.S.A. 54:51A-3 from the requirement that a taxpayer must pay taxes then due and owning at the time the complaint is filed is not, however, conditioned upon the taxpayer’s ultimate success in obtaining an exemption. I conclude in this case that Trenton’s claim for exemption was not a pretext to avoid the payment of taxes. Whether N.J.S.A. 54:4-3.3b was applicable to Trenton in this case was not so clear that Trenton should have known that its exemption claim would be unsuccessful.
Accordingly, Ewing’s motion is denied and the matter will proceed to trial on the issue of the valuation of the subject property.